**Macon SUMERLIN et ux., Appellants,**

v.

**J. M. COX et al., Appellees.**

No. 3614.

Court of Civil Appeals of Texas.

Eastland.

March 10, 1961.

Rehearing Denied March 31, 1961.

Nunn & Griggs, Sweetwater, for appellants.

McMahon, Smart, Sprain, Wilson & Camp, Abilene, for appellees.

WALTER, Justice.

J. M. Cox and others filed suit against Dr. Macon Sumerlin and wife to enjoin them from conducting a music school at their home in Section 5 of River Oaks Addition to the City of Abilene, Taylor County, Texas, which use of said property was alleged to be in violation of the restrictive covenants applicable to said addition. The case was submitted on an agreed statement of facts under Rule 263, Texas Rules of Civil Procedure. Judgment was rendered for the plaintiffs and the defendants have appealed, contending the court erred in holding that the restrictions prohibit teaching music for pay on said premises. The only question involved is the construction and application of the restrictive covenants.

Appellants filed a general denial. They also pleaded that they had erected a residence in Section 5 of said addition and it was constructed for residential purposes and was actually occupied as a residence; and that they had given music lessons in their home and charged a fee for same and specifically denied that such activity was in violation of the restrictive covenants. In the alternative, they pleaded that the developer of the subdivision and the appellees had waived any right to object to such violation, if any, because they had acquiesced in such violation and appellants had relied on such waiver and acquiescence, and the appellees had thereby forfeited their right to bring this action. The appellants specifically abandoned their defenses of waiver, estoppel and acquiescence when they agreed to submit the case on an agreed statement of facts.

The parties agree that the restrictions are valid, and that said addition was laid out in accordance with a general plan reflected in its platting and dedication. Dr. Macon Sumerlin's deposition was also made a part of the agreed statement of facts, the material portions of said deposition are as follows: that he teaches organ, piano and music theory at McMurry college approximately three hours a day for which he is paid a salary; that he had a piano and an organ in his home where he teaches approximately 15 hours a week for which he makes a charge of $8 per hour and his wife teaches about 7 hours a week for which she charges $7 per hour; that lessons are on the basis of one-half hour per pupil, beginning some-

times as early as 6:30 and ending not later than 6:00; that his home cost around $30,000 and that the other improved property near his home is residential property.

Paragraph 3 of said restrictions is as follows:

"3. All of the residential property shall be used for one family residences only.

"The terms 'residential purposes' as used herein shall be held and construed to exclude hospitals, duplex houses and apartment houses, and to exclude commercial and professional uses; and any such usage of this property is hereby expressly prohibited."

The appellants contend that Section 7 and Section 20 are also material. Said sections are as follows:

"7. No noxious or offensive trade or activity shall be carried on upon any lot, nor shall anything be done thereon which may be or become an annoyance or nuisance to the neighborhood.

"20. No type or breed of fowl or animal shall be kept or raised on any part of River Oaks, Section No. 5, for commercial purposes."

We agree with appellants' contentions that we are to consider the entire document, that restrictive covenants concerning the use of real estate must be strictly construed and all doubt resolved in favor of the free use of the land and if said instrument contains an ambiguity it should be resolved in favor of the free use of the land.

Our Supreme Court in the case of Universal C. I. T. Credit Corporation v. Daniel, 150 Tex. 513, 243 S.W.2d 154, 157, after reviewing many texts and court decisions involving the subject of ambiguities, said: "In other words, if after applying established rules of interpretation to the contract it remains reasonably susceptible to more than one meaning it is ambiguous, but if only one reasonable meaning clearly emerges it is not ambiguous. * * *"

Appellants do not question the fact that Dr. Sumerlin is conducting a music school in his residence. Appellants vigorously contend that Section 3 is not a prohibition but merely a definition of a term and when the entire instrument is considered and especially Sections 7 and 20, the restrictions do not prohibit the professional and commercial use of said property. We cannot agree with this contention. After applying the pertinent rules of interpretation and considering the agreed statement of facts, we find that the appellants are using their property for a commercial and professional use in violation of the restrictions.

Judgment affirmed.