[Civ. No. 10616. Fourth Dist., Div. One. Nov. 30, 1971.]

JOHN L. FLOWERS et al., Plaintiffs and Appellants, v.
JOHN BURNHAM & CO. et al., Defendants and Respondents.

## COUNSEL

John L. Flowers, in pro per., Pedersen & Flowers and Pedersen, Flowers & Infante for Plaintiffs and Appellants.

Gant & Asaro and V. Frank Asaro for Defendants and Respondents.

## OPINION

**BROWN (Gerald), P. J.**—Plaintiffs John L. Flowers and his wife Heidi M. Flowers, appeal an order dismissing their first five causes of action after a general demurrer was sustained without leave to amend. The plaintiffs voluntarily dismissed the balance of their complaint. ▮ They contend they state causes of action for violation of the Unruh Act (Civ. Code, §§ 51, 52), denial of equal protection of the laws, deprivation of Fifth and Fourteenth Amendment rights, deprivation of California Constitution,

article I, section 13 rights and deprivation of other rights, including the exercise of parental and marital rights conferred by California laws.

The Flowers, with their four children, two girls ages 1 and 3, and two boys, ages 8 and 10, moved into Westwood Village, a 100-unit apartment complex owned and operated by defendant John Burnham & Co., in San Diego County. Defendant Stanley Broski is alleged to have "aided and incited" Burnham's actions.

On January 31, 1970, some time after they moved into the complex, the Flowers and Burnham executed an apartment rental agreement for a month-to-month tenancy, which provided it was "subject to 30 day written notice." On February 12, 1970, the Flowers received a 30-day notice to quit which gave no reason for terminating the tenancy. "Rather than be subject to unlawful detainer proceedings [they] quit the premises within 30 days as demanded."

The Flowers believe they were given notice only because they had male children over five, and Burnham's actions in evicting the family for this reason violated their civil rights and their right to "have and raise their male children in a home of their own choice."

They contend Civil Code section 51: "All persons within the jurisdiction of this State are free and equal, and no matter what their race, color, religion, ancestry, or national origin are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

"This section shall not be construed to confer any right or privilege on a person which is conditioned or limited by law or which is applicable alike to persons of every color, race, religion, ancestry, or national origin," limits Civil Code section 1946 relating to the hiring of real property which provides in part: ". . . as to tenancies from month to month either of the parties may terminate the same by giving at least 30 days' written notice . . . at any time. . . ."

Section 1946 conditions or limits by law the right to stop a month-to-month tenancy by providing either party is free to terminate the tenancy on 30 days' written notice. It applies equally to "persons of every color, race, religion, ancestry, or national origin." None of these factors is the discrimination of which plaintiffs complain.

Although liability for damages under section 52 has been invoked primarily for racial discrimination ". . . its language and its history compel the conclusion . . . the Legislature intended to prohibit all arbitrary dis-

crimination by business establishments. . . ." (*In re Cox,* 3 Cal.3d 205, 216 [90 Cal.Rptr. 24, 474 P.2d 992].) An apartment complex is a business enterprise within the meaning of sections 51 and 52 (*Swann* v. *Burkett,* 209 Cal.App.2d 685 [26 Cal.Rptr. 286]).

 Thus, arbitrary discrimination by Burnham is prohibited. Because the independence, mischievousness, boisterousness and rowdyism of children vary by age and sex, Burnham, as landlord, seeks to limit the children in its apartments to girls of all ages and boys under five. Regulating tenants' ages and sex to that extent is not unreasonable or arbitrary.

There is also a limitation on the "punitive power of landlords to . . . evict tenants" and terminate tenancies in retaliatory actions because otherwise legislative purposes might be frustrated (*Schweiger* v. *Superior Court,* 3 Cal.3d 507, 513 [90 Cal.Rptr. 729, 476 P.2d 97]). Neither may landlords evict solely because of race (*Abstract Investment Co.* v. *Hutchinson,* 204 Cal.App.2d 242 [22 Cal.Rptr. 309]). But such qualifications do not apply to the reasonable classification here.

Since Flowers' complaint as presented to us states no cause of action for any enforceable right, the trial court correctly sustained the demurrer to the first five causes of action.

The Flowers have not stated how they would amend the complaint if the opportunity existed. Indeed, they expressly declined leave to amend. Sustaining the demurrer without leave to amend, therefore, was correct.

Order affirmed.

Whelan, J., and Coughlin, J.,* concurred.

A petition for a rehearing was denied December 14, 1971, and appellants' petition for a hearing by the Supreme Court was denied January 26, 1972.

---

*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.