**PRESTON TOWER CONDOMINIUM ASSOCIATION, Appellant,**

v.

**S.B. REALTY, INC., Walter F. Schroeder, Gary D. Baumgart and Jay Kleinneiur, III, and Wife Marjorie, Appellees.**

No. 05–83–01243–CV.

Court of Appeals of Texas, Dallas.

Jan. 9, 1985.

P. Michael Jung, Randal Mathis, Strasburger & Price, Dallas, for appellant.

Ira E. Tobolowsky, Carol M. Shosid, Dallas, for S.B. Realty, Inc., Walter F. Schroeder and Gary D. Baumgart.

Joe Chumlea, Dallas, for Jay Kleinneiur, III and wife Marjorie.

Before GUITTARD, C.J., and STEPHENS and STEWART[1], JJ.

PER CURIAM.

Appellant, Preston Tower Condominium Association, appeals a summary judgment granted to appellees, S.B. Realty, Gary D. Baumgart, Walter F. Schroeder, and Mr. and Mrs. Jay Kleinneiur, III. Preston Tower first contends that the trial court erred in granting the appellees' motion for summary judgment based on the unconstitutionality of an age restriction clause and second that the trial court erred in overruling Preston Tower's motion for summary judgment because it is not barred from enforcing the restriction by waiver, estoppel, or laches. Point of error number one is sustained and point of error number two

---

1. This opinion was prepared and approved by Justice Stewart prior to the expiration of her term of office on December 31, 1984.

is overruled. We reverse the judgment of the trial court and remand the cause for trial on the merits.

On April 15, 1981, appellees Mr. & Mrs. Jay Kleinneiur, III, parents of a daughter younger than sixteen years of age, leased a unit in the Preston Tower Condominiums owned by appellees S.B. Realty, Walter Schroeder, and Gary Baumgart. Section 7(a), article XI of Preston Tower's bylaws prohibited the permanent residency of any person under age sixteen in any unit in the complex. Section 7(a) also provided certain exceptions to the age restriction and defined the term "permanent resident." The lease form provided that the unit to be leased would be utilized as a single family residence "by persons over the age of sixteen"; however, the phrase "persons over the age of sixteen" was struck from the Kleinneiurs' lease.

When Preston Tower learned of the lease, the Kleinneiurs were notified by a carbon copy of a letter addressed to Schroeder at S.B. Realty that persons under age sixteen were not permitted to live at Preston Tower Condominiums and that the lease signed April 15, 1981, with the age restriction excised was unacceptable. On June 3, 1981, on behalf of the Kleinneiurs, S.B. Realty requested a special exception to the age restriction. The board of directors of Preston Tower denied this request. Preston Tower again informed S.B. Realty and the Kleinneiurs that it intended to enforce the restriction and that legal action would be taken if the Kleinneiurs did not comply with the age restriction.

The Kleinneiurs failed to comply with the restriction, and Preston Tower filed suit on January 12, 1982, seeking a permanent injunction enjoining the Kleinneiurs from violating the age restriction contained in its bylaws. The Kleinneiurs filed their motion for summary judgment on December 7, 1982, alleging that (1) the enforcement of the age restriction contained in Preston Tower's bylaws would be in violation of their federal constitutional rights under the fourteenth amendment, and (2) the bylaw at issue was ambiguous and unenforceable.

Preston Tower filed its response and its own motion for summary judgment on January 4, 1983. S.B. Realty, Schroeder, and Baumgart filed their first amended motion for summary judgment on January 5, 1983. The trial court overruled Preston Tower's motion for summary judgment, granted the appellees' motions on the ground of the unconstitutionality of the age restriction, but denied the motions in all other respects.

By its first point of error, Preston Tower contends that the trial court erred in granting the appellees' (hereinafter referred to collectively as the Kleinneiurs) motions for summary judgment because of the unconstitutionality of the age restriction contained in section 7(a), article XI of Preston Tower's bylaws. We agree.

Neither Preston Tower nor the Kleinneiurs have cited Texas authority to support their contentions on the issue of age restrictions in condominium association bylaws, and we have found none on point. As there is very little Texas law on this subject, we turn to our sister states for guidance in this matter.

The Kleinneiurs do not dispute the general constitutionality of condominium association bylaws which place restrictions on occupancy by children. Nor do they dispute that age restrictions can be used to accomplish the lawful purpose of providing appropriate housing for differing age groups. The Kleinneiurs contend, however, that, because of the exceptions in it, the instant age restriction does not prevent children from permanently living at Preston Tower Condominiums; it only prevents children from moving into the condominiums or from continuing to reside there if they are born within the first seven months of their parents' ownership or occupancy. In other words, it is the Kleinneiurs' contention that because there are express exceptions to an otherwise valid restriction, the restriction is inherently unreasonable and bears no relationship to any legitimate objective and, further, that it could only be applied in a discriminatory and arbitrary fashion.

Courts which have examined the constitutionality of age restrictions have held

that such a provision is not unconstitutional unless it is unreasonable or unless it is arbitrarily applied. *White Egret Condominium, Inc. v. Franklin,* 379 So.2d 346 (Fla.1979); *Riley v. Stoves,* 22 Ariz.App. 223, 526 P.2d 747 (1974). In *White Egret* the Florida Supreme Court wrote:

> The law is now clear that a restriction on individual rights on the basis of age need not pass the "strict scrutiny" test, and therefore age is not a suspect classification. *See Massachusetts Board of Retirement v. Murgia,* 427 U.S. 307, 96 S.Ct. 2562, 49 L.Ed.2d 520 (1976). We do recognize, however, that these age restrictions cannot be used to unreasonably or arbitrarily restrict certain classes of individuals from obtaining desirable housing. Whenever an age restriction is attacked on due process or equal protection grounds, we find the test is: (1) whether the restriction under the particular circumstances of the case is reasonable, and (2) whether it is discriminatory, arbitrary, or oppressive in its application.

379 So.2d at 351.

The Kleinneiurs agree that this is the standard to be used. However, they argue that as applied to them, the age restriction at issue is discriminatory, arbitrary, oppressive, and bears no rational relation to a lawful objective. The Kleinneiurs also cite *White Egret* as authority for their position because in that case the court held that although the bylaw prohibiting residency of children under the age of twelve was per se lawful, it was being applied in a discriminatory fashion through selective enforcement, based on the evidence that six children under twelve resided there.

Preston Tower argues that the subject bylaw was promulgated with two goals in mind. The first of these goals was to create a child-free environment, and the second goal was to avoid unusually great hardship in cases where application of the general rule would produce that result. Preston Tower contends that, because the exceptions contained in the age restriction are calculated to specifically avoid oppressive results, the constitutional test set out in *White Egret* has been met.

■ The first portion of section 7(a), article XI of Preston Tower's bylaws prohibits occupancy by persons under age sixteen. The Kleinneiurs do not contest this section of the restriction; and as stated above, age restrictions in condominium documents are not unconstitutional per se. Age limitations or restrictions are reasonable means to accomplish the lawful purpose of providing appropriate facilities for the differing housing needs and desires of varying age groups. *White Egret,* 379 So.2d at 351. Thus, we hold that this portion of the bylaw is valid.

However, the bylaw at issue also provides for two express exceptions to the "no children" policy. The first exception applies to "persons under the age of sixteen ... who were residents of the Project at the time the Declaration [was] filed." Preston Tower asserts that the obvious purpose of this "grandfather" clause was to avoid forcing the existing owners with children to move away when the condominium association was created. Although S.B. Realty, Schroeder and Baumgart do not specifically address this exception, the Kleinneiurs concede its validity.

The second exception concerns "children born of Owners who at the time of such birth had been Owners or residents of the Project in excess of seven ... months." These children were permitted to continue their residency in the project. This exception applies only to children born after the first seven months of their parent's ownership or occupancy. Preston Tower urges that the purpose of this exception is the avoidance of the hardship of a forced sale or move to existing owners or residents as opposed to nonresident parents and those who know they are parents-to-be who have the option of purchasing or living elsewhere.

The Kleinneiurs, however, question limiting the exception to children of owners and keying the seven-month period to the inception of ownership or residency. This section of the bylaws gives a tenant who gives

birth to a child more than seven months after moving into the unit the option of becoming an owner, by purchasing the unit, or moving elsewhere. In addition, those owners who do not reside at Preston Tower condominiums but who purchased their units seven months or more before a child is born, provided that they do not already have a child under sixteen years of age, may continue to reside elsewhere and at any time may move into their Preston Tower unit.

The Kleinneiurs contend that these exceptions are arbitrary and unreasonable and that they defeat the allegedly legitimate goal to create a child-free environment. We disagree. We conclude that both the distinction between tenants and owners and the requirement of ownership or residence in excess of seven months are reasonable means of achieving the legitimate goals of maintaining a virtually child free environment without undue hardship to present owners and residents. *See Flowers v. John Burnham and Co.,* 21 Cal.App.3d 700, 98 Cal.Rptr. 644 (1971).

The restriction defines the term "permanent resident" as "any person who resides in the Project more than one hundred ... days out of any year." The record reflects that the purpose of this provision is to provide a means to differentiate between residents and visitors. Preston Tower argues that the 100-day period was not randomly chosen, but was designed to encompass the most common visitations situations. This is a rational means of making that distinction.

The final provision allows the board of directors to "make special exceptions to this restriction for exceptional circumstances upon written application of an Owner." The alleged purpose of this provision is to give the directors some discretion to make exceptions to avoid injustice. Also, the by-laws contain a check on what might be unbridled discretion on the part of the board of directors. The requirement that any special exception "must be set forth in writing with reason given for the granting thereof" forces the board of directors to

publicly articulate the rationale for granting an exception and ensures that reasonable criteria be used. We also point out that, although there is a provision for special exceptions, no special exception has ever been granted. We conclude that this portion of the bylaw is a reasonable means to achieve the goal of avoiding undue hardship and, thus, does not constitute an unreasonable restraint. *Seagate Condominium Association, Inc. v. Duffy,* 330 So.2d 484, 486 (Fla.Dist.Ct.App.1976).

■ Condominium rules generally fall into one of two categories: those set out in the declaration of condominium, and those promulgated by the board of directors. *Hidden Harbour Estates v. Basso,* 393 So.2d 637, 639 (Fla.Dist.Ct.App.1981). A rule set out in the declaration, as was the present rule, is clothed with a strong presumption of validity arising from the fact that each owner purchases the unit knowing and accepting the restrictions imposed. *Id.* Florida law makes full disclosure of the declaration of condominium mandatory. FLA.STAT. 718.503(2)(a) (1983). This type of restriction is similar to a covenant running with the land and will not be invalidated without a showing that the restriction is arbitrary in its application, against public policy, or abrogates some fundamental constitutional right. *Hidden Harbour Estates,* 393 So.2d at 640. As a result, it is possible for a use restriction in a condominium declaration to have a certain degree of unreasonableness and still withstand attack in the courts. *Id.*

The Florida cases are based on the rationale that the provisions of a declaration are entitled to a strong presumption of validity because the purchaser knows of and accepts the restrictions imposed. Although Texas has no statute comparable to FLA.STAT. § 718.503(2)(a) (1983), the Kleinneiurs were nevertheless put on notice by the clause in their lease stating that each lessee was obligated to comply with "all terms, conditions, agreements, covenants and provisions of the Condominium Declaration, its Bylaws and its Rules and Regulations." *Flack v. First National*

*Bank of Dalhart*, 148 Tex. 495, 226 S.W.2d 628, 632 (1950). Therefore, they had a duty to inquire about the provisions of the Preston Tower declaration. The clause was not deleted or modified; thus, the Kleinneiurs contracted to be bound by the provisions of the declaration. *Royal Indemnity Company v. Marshall*, 388 S.W.2d 176, 181 (Tex.1965). We conclude that under these facts the predicate of notice and acceptance of the restrictions imposed by a declaration has been satisfied. Therefore, it is proper to apply a strong presumption of validity to the provisions of the Preston Tower declaration against the Kleinneiurs.

■ For the foregoing reasons, we hold that the age restriction contained in appellant's bylaws is reasonable and therefore satisfies the first prong of the *White Egret* test for constitutionality.

■ Under the second prong of this test, we must determine whether, under the circumstances of the instant case, Preston Tower's enforcement of the age restriction against the Kleinneiurs was selective or arbitrary. The Kleinneiurs contend that other children live in the complex, but Preston Tower argues that only one child lives there, and that this child meets an exception to the age restriction. However, the deposition testimony of both Robert Cochran, president and member of the board of directors of Preston Tower Condominiums, and Christine Matagrano, manager of Preston Tower Condominiums, does not support this position. Although both assumed an exception had been met, neither Cochran nor Matagrano actually knew whether this child qualified for an exception.

While it could be inferred from the record that parents with children younger than sixteen years of age lived in the complex, there were also inferences that some of .the children seen around the complex were visiting grandparents or a divorced parent. These inferences, however, were not fully developed or refuted by either the Kleinneiurs or Preston Tower. In addition, Cochran admitted that other children did in fact live in the complex. This admission

was tempered, however, by Cochran's *belief* that these children met an exception. Although there appear to have been no formal procedures used to determine if the age restriction was being enforced, the record reflects that employees were instructed that children were not permitted as permanent residents, all reports that children were residing in the complex were investigated, and owners were advised that Preston Tower intended to enforce the age restriction. Nevertheless, no attempt was ever made to survey the residents to see if there were any violations, and it appears that the enforcement procedures consisted of Preston Tower trying to keep informed and asking owners to make all leases available to it for review. Preston Tower, however, had no legal right to review leases and not all of the owners presented their leases for review. In light of the conflicting and inconclusive evidence, we hold that there are questions of fact to be resolved in determining whether the enforcement of the bylaw against the Kleinneiurs would be selective or arbitrary.

In its second point of error Preston Tower contends that the trial court erred in overruling its motion for summary judgment because the doctrines of waiver, estoppel, or laches would not bar it from enforcing its age restriction. The Kleinneiurs respond to this contention by asserting that there are disputed facts concerning those defenses.

The Kleinneiurs argue first that Preston Tower waived the age restriction. Waiver has been frequently defined as an intentional relinquishment of a known right or as intentional conduct inconsistent with such right. *Massachusetts Bonding & Insurance Co. v. Orkin Exterminating Co.*, 416 S.W.2d 396, 401 (Tex.1967). Waiver implies a choice or an election to dispense with something of value or to forego some advantage that might have been demanded. The Kleinneiurs claim that Preston Tower assured them prior to their leasing the unit that its board of directors would not enforce the age restriction. The Kleinneiurs also allege that, with knowledge that their

minor daughter was moving into the complex, Preston Tower assisted, participated, and otherwise assented to their move-in as well as failed to prevent the move-in and refurbishment of their unit.

Second, the Kleinneiurs' contend that Preston Tower is estopped from enforcing the age restriction because it knew the Kleinneiurs and their daughter intended to move into the complex but did nothing to stop them and because other non-exempt children reside at Preston Tower Condominiums.

■ The Kleinneiurs' third affirmative defense to Preston Tower's enforcement of the age restriction is laches. Laches, similar to estoppel, rests on the theory that because of the staleness of the demand, the defendant would be unconscionably prejudiced if the claim were not cut off. *Continental Insurance Co. v. Stewart & Stevenson Services, Inc.*, 306 S.W.2d 415, 423 (Tex.Civ.App.—Houston 1957, writ ref'd n.r.e.). Two of the essential elements of laches are unreasonable delay by one having legal or equitable rights in asserting them and a good faith change of position by another to his detriment because of the delay. *City of Fort Worth v. Johnson*, 388 S.W.2d 400, 403 (Tex.1964). To support their contention that the defense of laches bars enforcement of the age restriction, the Kleinneiurs urge that there are disputed fact issues regarding the time Preston Tower first learned of the Kleinneiurs' intention to move into the complex and the time Preston Tower learned the Kleinneiurs had actually moved into the complex.

■ In a summary judgment case, when the plaintiff is the movant, the question on appeal, as well as in the trial court, is not whether the summary judgment proof raises a fact issue concerning the essential elements of a cause of action, but whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of those elements. *Gibbs v. General Motors Corporation*, 450 S.W.2d 827, 828 (Tex. 1970). *See also* TEX.R.CIV.P. 166–A. The burden of proof is on the movant and all

doubts as to the existence of a genuine issue of material fact are resolved against him. All conflicts in the evidence are disregarded and the evidence which tends to support the position of the party opposing the motion is accepted as true. *Farley v. Prudential Insurance Co.*, 480 S.W.2d 176, 178 (Tex.1972); *Goodwin v. Texas General Indemnity Co.*, 657 S.W.2d 156, 159–60 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.).

■ After applying these standards to the summary judgment proof involved here we conclude that there are genuine issues of material fact concerning all three of the Kleinneiurs' affirmative defenses. Therefore, Preston Tower has failed to establish that it is entitled to judgment as a matter of law on the issues expressly set out in the Kleinneiurs' response. Rule 166–A.

Consequently, we overrule point of error number two. We reverse and remand this cause for trial on the merits.

Costs assessed one-third against appellant and two-thirds against appellees.