**COVERED BRIDGE CONDOMINIUM ASSOCIATION, INC., Appellant,**

v.

**Thelda L. Craven CHAMBLISS and Edmond B. Chambliss, Appellees.**

**No. B14–85–206CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 26, 1985.

Rehearing Denied Jan. 30, 1986.

Edward L. Noah, Houston, for appellant.

Paul J. McConnell, III, DeLange, Hudspeth, Pitman & Katz, Houston, for appellees.

Before PAUL PRESSLER, MURPHY and DRAUGHN, JJ.

## OPINION

PAUL PRESSLER, Justice.

Appellant sought injunctive relief against appellees for violation of a covenant restricting unit occupancy to those sixteen years of age or older. Appellees counterclaimed seeking a judgment declaring the covenant void and unenforceable. Appellees further requested removal of the Notice of Lien filed by appellant against their property. The trial court declared the covenant unreasonable, unconstitutional and unenforceable, cancelled the Notice of Lien and granted appellees attorney's fees. Although appellant presents several points of error, the pivotal question is whether the covenant is violative of the state or federal constitutions. We hold that the covenant in question is not unconstitutional and reverse and remand.

 Texas Courts as well as those of other jurisdictions have held that age-restriction covenants are not unconstitutional unless unreasonable or arbitrarily applied. *Preston Tower Condominium Association v. S.B. Realty, Inc.*, 685 S.W.2d 98

(Tex.App.—Dallas 1985, no writ); *White Egret Condominium, Inc. v. Franklin,* 379 So.2d 346 (Fla.1979); *Riley v. Stoves,* 22 Ariz.App. 223, 526 P.2d 747 (1974). Age restrictions are a reasonable means of providing housing which meets the differing needs and desires of varying age groups. *Preston Tower, supra* at 101. Without such restrictions the legitimate interests of those who desire to live in a facility without children would be denied. Congress has recognized this need by establishing housing programs for the elderly with a minimum occupancy age of sixty-two years. *See* 12 U.S.C. § 1701(q)(4) (1980); 42 U.S.C. § 3001 et seq. (1973); 42 U.S.C. § 1485(d)(3) (1978).

Appellees contend that their position is supported by the rationale of *Moore v. City of East Cleveland,* 431 U.S. 494, 97 S.Ct. 1932, 52 L.Ed.2d 531 (1977). There the United States Supreme Court held a city ordinance that restricted the cohabitation of certain family members unconstitutional because the right of family members to live together is a fundamental right any restriction of which requires strict scrutiny under the Equal Protection Clause. The appellees argue that this rationale requires appellant here to show a compelling state interest for a covenant which restricts occupancy by age to be constitutional.

■■■ This is inapplicable. A compelling state interest need not be demonstrated here because the restriction is created by a private contract, not by a governmental ordinance or law. Appellee, Thelda Chambliss, prior to her marriage, knowingly signed a deed containing the notice of the age-restriction covenant. She must accept the obligations of this agreement as well as its benefits. *See White Egret Condominium, Inc. v. Franklin,* 379 So.2d 346, 350 (Fla.1979). It would be contrary to basic rights which have long been a cornerstone of the individual freedoms which we enjoy as citizens of the United States to say that one cannot sell or buy his private property subject to reasonable restrictions.

■■■ The question then becomes whether the language of the covenant is constitutional as applied. The proper test is set forth in *Preston Tower Condominium Association v. S.B. Realty,* 685 S.W.2d 98 (Tex.App.—Dallas 1985, no writ) which appropriately adopted the following tests from *White Egret Condominium, Inc. v. Franklin,* 379 So.2d at 351, to determining the constitutionality of a private covenant concerning age:

(1) whether the restriction under the particular circumstances of the case is reasonable, and (2) whether it is discriminatory, arbitrary or oppressive in its application.

Appellees contend that the trial court properly found the covenant to be unreasonable and discriminatory under this test because the covenant allows children under the age of sixteen to live in the condominiums as long as they are not children of a permanent resident. The covenant in question reads as follows:

"That in order to preserve the character of this Condominium as an *adult residential community ...,* occupancy of all units shall be restricted as follows:

*Permanent residents shall be 30 years of age or older;* except the spouse of a permanent resident or an immediate member of the permanent resident's family (other than a child of said permanent resident), may be a permanent resident regardless of his or her age. *A child or children 16 years of age or older may reside with permanent residents....*

*Appellees* derive their interpretation from the *language* in the second paragraph which excepts from the 30-year-or-older residency requirement: "... the spouse of a permanent resident or an immediate member of the permanent resident's family, ... *may be a permanent resident regardless of his or her age."* Appellees' objection obviously is not directed at a spouse who might be under sixteen but rather at children under sixteen who might be brothers, sisters, or other collateral relatives of the permanent resident.

In construing a restrictive covenant, the primary rule is to ascertain the intention of the parties from the language used so that their purpose may be carried out. The language will be given its plain grammatical, ordinary and commonly accepted meaning unless to do so will defeat the intention of the parties as clearly evidenced by other provisions of the instrument. *Travis Heights Improvement Association v. Small,* 662 S.W.2d 406, 409 (Tex. App.—Austin 1983, no writ). If there is ambiguity or substantial doubt as to its meaning, such should be resolved in favor of the free use of the land. *Davis v. Huey,* 620 S.W.2d 561, 565 (Tex.1981). Appellees did not plead ambiguity in the case below. Generally, a person seeking to establish ambiguity under a written contract must specifically plead such ambiguity *Crozier v. Horne Children Maintenance,* 597 S.W.2d 418, 421 (Tex.Civ.App.—San Antonio 1980, writ ref'd n.r.e.).

In any event, appellees' interpretation ignores the word "immediate" which modifies the term "member of the permanent resident's family." "Immediate" when used in terms of relations between persons is defined by Webster's Third International Dictionary as "having no individual intervening, being next in line or relation." The Fifth Edition of Black's Law Dictionary defines "immediate" as "next in line or relation, directly connected, not secondary or remote ... *not separated by the intervention of any ... relation.*" (emphasis added). Under these definitions, the immediate family of a permanent resident would include only the *parents* or *children of the permanent resident.* A sibling of a permanent resident would not be part of his immediate family because there is the intervening relation of parents between siblings, nor would other collateral relatives of the permanent resident be a part of the immediate family. Therefore, the practical effect of the covenant is to exclude the residency of all children under the age of sixteen. This construction is in harmony with the plainly stated intent of the covenant, which is "to preserve the character of this Condominium as an adult residential community."

The record is devoid of evidence that the covenant was applied in a discriminatory or arbitrary way. Indeed the evidence presented indicates that when Thelda Chambliss purchased the property as a single adult she agreed to its deed restrictions. It was not until approximately four and a half years later when she and her husband had a child that she found problems with the restrictive covenant. Therefore, we find the trial court erred in holding the covenant unconstitutional under the Texas and Federal Constitutions. Appellant's no evidence points of error five and seven are sustained. Our disposition of these points makes it unnecessary to review the remaining points of error.

The judgment of the trial court is reversed and remanded to the trial court for trial in accordance with this opinion.