**Glenda N. DODSON, Appellant,**

**v.**

**STEVENS TRANSPORT, A DIVISION OF STEVENS FOODS, INC., Appellee.**

**No. 05–88–01019–CV.**

Court of Appeals of Texas, Dallas.

Aug. 31, 1989.

Robert M. Vockrodt, Dallas, for appellant.

Larry Hallman and Joann N. Wilkins, Dallas, for appellee.

HOWELL, Justice.

At the outset of this summary judgment appeal, we must decide a jurisdictional question. Appellant Glenda Dodson seeks to prosecute this appeal based upon her timely filed affidavit of inability to pay costs. Appellee Stevens Transport seeks dismissal of this appeal contending that appellant failed to notify the court reporter of the filing of her affidavit. *See* TEX.R. APP.P. 40(a)(3)(B). Under the peculiar facts of this case, we hold that any such failure was immaterial.

We reiterate that this is a summary judgment appeal. Appellant has not filed a statement of facts, nor can we find any indication that she ever requested any transcription from the court reporter or intended to do so. Indeed, our Supreme Court has stated that a court reporter's attendance at a summary judgment hearing is "neither necessary nor appropriate to the purposes of such a hearing." *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 677 (Tex.1979).

The rules pertaining to appeals by indigents—as with all appellate rules—are to be liberally construed in favor of the right to appeal. *Jones v. Stayman,* 747 S.W.2d 369, 370 (Tex.1987). The only conceivable purpose behind the requirement that the court reporter receive prompt notice of the filing of an affidavit of inability to pay costs is to afford the reporter an opportunity to contest the affidavit. *See id.; see also* TEX.R.APP.P. 40(a)(3)(C). However, where the appellant plans to appeal without a statement of facts and neither requests that the reporter prepare a statement of facts nor intends to do so, his failure to notify the court reporter of the filing of an affidavit of inability to pay costs becomes irrelevant. We refuse to hold that this appeal should be forfeited because of the appellant's failure to perform a useless act.

The proper objective of the rules of civil procedure is to obtain a "just, fair, equitable and impartial adjudication" of the substantive rights of the parties. TEX.R. CIV.P. 1. To this end, we are required to give the rules a liberal construction. *Id.; see also Trevino v. Murray,* 32 Tex.Sup. Ct.J. 545 (July 12, 1989, original proceeding). We hold that whenever a party appeals without a statement of facts and neither requests nor intends to request that a statement of facts be prepared by the court reporter, it is not necessary to serve notice upon the court reporter that an affidavit of inability to pay costs has been filed. *See* TEX.R.APP.P. 40(a)(3)(B). The El Paso Court of Appeals has very recently reached an identical conclusion concerning the appeal of a summary judgment without serv-

ing notice upon the court reporter. *Sanders v. Texas Employers Ins. Assn,* 775 S.W.2d 762, 763–764 (Tex.App.—El Paso, 1988).

Appellee's challenge to the jurisdiction, based upon appellant's alleged failure to notify the court reporter of the filing of her affidavit of inability to pay costs, is overruled.

Turning to the merits of this case, Glenda Dobson (Passenger) appeals a summary judgment granted to appellee Stevens Transport (Owner) in her lawsuit for personal injuries resulting from a single-vehicle tractor-trailer accident. She sustained her injuries while riding with her husband, Charles Dodson (Driver), in one of Owner's trucks. A few months prior to the accident and at the time that Driver was hired by Owner, both Driver and Passenger executed two of Owner's standard form documents. The construction of these documents forms the core of this appeal. Each instrument was signed by Passenger, Driver, and Owner's director of safety and driver personnel. The first document[1] provided that Passenger would "forfeit" claims against Owner for injuries that Passenger might sustain in an accident, presumably while riding as a passenger in any of Owner's vehicles. For the sake of convenience, we will refer to this first document as "the release," without in any way prejudging its effect. Of crucial importance to the case, the release contained no expiration date.

The second document provided that Passenger was "authorized" to ride "as a passenger only" with Driver. As originally executed, it expressly stated that "[t]his authorization expires 9–11–86," a date prior to Passenger's injury. Owner's representative later crossed out this expiration date and inserted a new expiration date, which Owner contends extended the authorization beyond the date of injury. Passenger contends that this change in expiration date was entered onto the instrument after the date of injury and without the approval of either Passenger or Driver. If this purported alteration of the expiration date were material, a disputed fact issue would exist and it would be necessary to remand this case. However, we hold that the summary judgment must be affirmed without regard to the attempted extension of the expiration date on the authorization instrument.

The trial court held that Passenger had validly released her claims against Owner; consequently, it awarded summary judgment to Owner. In this appeal, Passenger contends that the release did not incorporate any affirmative agreement that Passenger might ride in Owner's vehicles on any particular occasion. Therefore, Passenger urges that the release was not supported by consideration and that it was ineffective. Alternatively, Passenger con-

1. The following is a transcription of the document:

Stevens Transport
a division of STEVENS FOODS, INC.
TO: ALL COMPANY DRIVERS
ALL OWNER/OPERATORS
FROM: SAFETY DEPARTMENT
SUBJECT: PASSENGERS
THE COMPANY POLICY OF ALLOWING PASSENGERS TO RIDE WITH A COMPANY DRIVER OR AN OWNER/OPERATOR LEASED TO STEVENS TRANSPORT SHALL BE GOVERNED BY THE FOLLOWING RULES:

(1) ONLY THE LEGAL SPOUSE, SON OR DAUGHTER OF THE OPERATOR, WHO IS 21 YEARS OF AGE OR OLDER, SHALL BE ALLOWED TO RIDE AS A PASSENGER.

(2) THE AUTHORIZED PASSENGER MUST HAVE THEIR PHOTO IDENTIFICATION CARD WITH THEM WHILE RIDING AS A PASSENGER.

(3) ONLY ONE PASSENGER WILL BE ALLOWED AT A TIME.

(4) EACH PASSENGER SHALL AGREE TO FORFEIT ANY AND ALL CLAIMS AGAINST OPERATOR AND STEVENS TRANSPORT FOR PROPERTY DAMAGE OR BODILY INJURY RESULTING FROM ACCIDENTS.

THE SIGNING OF THIS AGREEMENT SHALL CONSTITUTE THE ACCEPTANCE OF THESE RULES.

/s/Charles E. Dodson
QUALIFIED DRIVER
/s/Christi Sipe
DRIVER [sic] OF SAFETY
STEVENS TRANSPORT
/s/Glenda N. Dodson
AUTHORIZED PASSENGER
7–11–86
DATE OF AUTHORIZATION

tends that the release and the authorization, having been executed at the same time and as a part of the same transaction, must be read and construed together. Under such circumstance, Passenger maintains that the release and the authorization expired on September 11, 1986, a date prior to the accident. We reject both contentions.

Summary judgment is proper when the summary judgment proof shows that no genuine issue of material fact exists and that movant is entitled to judgment as a matter of law. *E.g., Nixon v. Mr. Property Management,* 690 S.W.2d 546, 548–49 (Tex.1985); *Montgomery v. Kennedy,* 669 S.W.2d 309, 310–11 (Tex.1984). *See also City of Houston v. Clear Creek,* 589 S.W.2d at 679. All doubts as to a material issue of fact must be resolved against the movant, and all evidence favorable to the nonmovant will be taken as true in deciding whether a fact issue precludes summary judgment. *See El Chico Corp. v. Poole,* 732 S.W.2d 306, 315 (Tex.1987); *First Nat'l Bank v. Rector,* 710 S.W.2d 100, 103 (Tex. App.—Austin 1986, writ ref'd n.r.e.). We must indulge every reasonable inference in the nonmovant's favor. *Sabine Pilot Serv., Inc. v. Hauck,* 687 S.W.2d 733, 734 (Tex.1985).

Neither party has pleaded that either of the instruments in question is ambiguous. Therefore, their interpretation has become a matter of law to be determined by the Court. *R & P Enter. v. LaGuarta, Gavrel & Kirk,* 596 S.W.2d 517, 518 (Tex.1980); *Krafve v. O'Keeffe,* 753 S.W.2d 220, 221 (Tex.App.—Tyler 1988, writ denied); *Covered Bridge Condominium Ass'n v. Chambliss,* 705 S.W.2d 211, 214 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.). Our interpretation derives primarily from a reading of the documents themselves in light of the circumstances which brought about their execution and in view of the objectives which the parties presumably contemplated at the time of execution. *See Krafve,* 753 S.W.2d at 221; *Dorchester Gas Producing Co. v. Hagy,* 748 S.W.2d 474, 478 (Tex.App.—Amarillo 1988, writ denied).

Passenger first contends that the release, when read by itself, contains no commitment whatsoever on the part of Owner to authorize her to ride in any of the company vehicles. Therefore, Passenger urges that she received no consideration for her agreement to "forfeit" her claims for personal injury. We disagree.

We construe the release as a unilateral contract in which one party makes an express engagement or undertakes a performance without receiving in return any express engagement or promise of performance from the other. BLACK'S LAW DICTIONARY 294 (5th ed. 1979). The release contemplated that Passenger would be allowed to ride with Driver at some time on some occasion. Otherwise, the release would have been a nullity. Courts will not construe contracts, freely and voluntarily executed by competent persons, as nullities unless the courts are wholly unable to ascribe any reasonable meaning to them. *R & P Enter.,* 596 S.W.2d at 519; *Triland Inv. Group v. Warren,* 742 S.W.2d 18, 22 (Tex.App.—Dallas 1987, no writ).

We hold that the release was executed pursuant to the expectation that Owner would give Passenger permission to ride with Driver in one of Owner's vehicles on one or more occasions in the future. Owner, however, made no specific commitment as to date, frequency, or duration of the travel. Passenger—desiring to accompany Driver on certain occasions when she could gain Owner's permission to do so—agreed that if she were allowed to ride, she would not bring an action against Owner for any injury sustained by her during her act of riding in Owner's vehicle. We conclude that this is the most reasonable construction of the disputed document.

We recognize that the release contains no provision specifying its duration. It was executed, however, in connection with Driver's acceptance of employment with Owner. If this document were the only relevant agreement between the parties, we would hold that its duration implicitly covered the entire period of Driver's employment. *Cf. Marshall v. Marshall,* 735 S.W.2d 587, 592 (Tex.App.—Dallas 1987,

writ ref'd n.r.e.) (when duration of contract is not expressly dictated by agreement, courts will presume parties intended agreement to last for a reasonable time). We can think of no valid reason why either party would have intended an earlier expiration date. *See id.* Thus, in the absence of the second instrument—the authorization document—we would be constrained to hold that the release was supported by consideration, that it was still in effect at the time of injury, and that it bars this cause of action.

We reach the same result even after considering the authorization. A unilateral contract has only one promisor. *See Baldwin v. New,* 736 S.W.2d 148, 152 (Tex.App.—Dallas 1987, writ denied). The promisee commits himself to nothing. *See generally Shirey v. Albright,* 404 S.W.2d 152, 156 (Tex.Civ.App.—Corpus Christi 1966, writ ref'd n.r.e.) (unilateral contract completed by performance, not by reciprocal promise). When the promisee delivers the bargained-for performance, however, the promisor then becomes bound to provide the promised benefit. *See id.; see also Sunshine v. Manos,* 496 S.W.2d 195, 198 (Tex.Civ.App.—Tyler 1973, writ ref'd n.r.e.). Passenger asserts in her pleadings that she was riding in Owner's vehicle as an "authorized passenger" at the time that she was injured. It follows that she received the bargained-for performance. We hold that she must deliver the benefit that she promised in return for that performance: the surrender of her personal injury claims against Owner. Passenger, however, contends that the release and the authorization must be read together. In effect, Passenger is presenting the alternative claim that the two instruments created a bilateral contract expiring prior to the injury. We do not agree.

A well-established rule of construction provides that instruments which are executed contemporaneously shall be considered together in determining the terms of the contract. *Jim Walter Homes, Inc. v. Schuenemann,* 668 S.W.2d 324, 327 (Tex.1984); *Jones v. Kelley,* 614 S.W.2d 95, 98 (Tex.1981). However, the overriding consideration is always to determine the intention of the parties through their acts and conduct, particularly as manifested through the writings in question. *See, e.g., Lone Star Gas Co. v. X-Ray Gas Co.,* 139 Tex. 546, 164 S.W.2d 504, 508 (1942); *Garcia v. Rutledge,* 649 S.W.2d 307, 310–11 (Tex.App.—Amarillo 1982, no writ).

The fact that the release and the authorization were incorporated into different instruments cannot be wholly ignored. Had the parties contemplated a single, specific authorization with a release of liability only relating to that single, specific authorization, it would have been more sensible to place the covenants of both parties in a single document. Considering all of the circumstances, particularly the continuing relationship between Owner and Driver, we hold that the parties contemplated a continuing series of authorizations with a single release applicable to all. *See, e.g., Clear Lake City Water Auth. v. Clear Lake Util. Co.,* 549 S.W.2d 385, 390–91 (Tex.1977). It is likely that Owner was unwilling to contract with Driver, a new employee, that Passenger would thereafter be entitled, as a matter of right, to ride with Driver whenever she chose, as long as Driver remained in Owner's employ. Rather, Owner preferred to grant or withhold authorizations from time to time as it saw fit. *See id.* Passenger, through the release, agreed to waive liability with respect to each and every future authorization whereby she accepted the benefits and rode along with her husband. Any other interpretation of the release instrument could arise only from a strained construction.

It is, of course, regrettable that the injuries were sustained at all. However, we can find no indication that the arrangement was not completely voluntary insofar as Passenger was concerned, nor can we find any indication that she was not fully competent and fully aware of the agreement that she was signing. We hold that she may not retain the benefits of the transaction without being subject to its burdens. *See Whitten v. Republic Nat'l Bank,* 383 S.W.2d 207, 215 (Tex.Civ.App.—Dallas 1964), *aff'd,* 397 S.W.2d 415 (Tex.1965).

The trial court was correct in entering summary judgment.

We do not address Owner's sole cross-point of error inasmuch as we are affirming the summary judgment.

AFFIRMED.

WHITHAM, STEWART, ROWE, LAGARDE, THOMAS, KINKEADE, OVARD and WHITTINGTON, JJ., join in the majority opinion.

Dissenting opinion by BAKER, J., with ENOCH, C.J., and McCLUNG and BURNETT, JJ., joining.

BAKER, Justice, dissenting.

I respectfully dissent to the majority's conclusion that under the peculiar facts of this case the failure of the appellant to notify the court reporter of the filing of her indigency affidavit was immaterial.

The majority takes pains to point out that this is a summary judgment appeal. The majority also states that no statement of facts has been filed, and the majority cannot find any indication that appellant requested a statement of facts from the court reporter or intended to do so. I presume that these are the peculiar facts of the case upon which the majority relies because the majority then holds that it is not necessary to serve notice upon the court reporter that an affidavit of inability to pay cost has been filed. *See* TEX.R. APP.P. 40(a)(3)(B). The majority's conclusion is bottomed on *Jones v. Stayman,* 747 S.W.2d 369 (Tex.1987), admonishing the intermediate appellate courts to liberally construe the appellate rules in favor of a right to appeal. The majority finds solace in the fact that the El Paso court has recently reached an identical conclusion under facts similar to those found here. *See Sanders v. Texas Employers Ins. Ass'n,* 775 S.W.2d 762 (Tex.App.—El Paso, n.w.h.). I note that the El Paso court's decision is likewise bottomed on *Jones v. Stayman.*

In my view, to carve out an exception in summary judgment cases in the name of liberality flies in the face of the plain language of the rule.

Rule 40(a)(3)(B) of the Texas Rules of Appellate Procedure provides:

> The appellant or his attorney shall give notice of the filing of the affidavit to the opposing party or his attorney and to the court reporter of the court where the case was tried within two days after the filing; *otherwise, he shall not be entitled to prosecute the appeal without paying the cost or giving security therefor.*

TEX.R.APP.P. 40(a)(3)(B) (emphasis added). It has been held that an appellant is not entitled to prosecute an appeal without paying or securing the costs if the appellant failed to comply with the notice requirements of rule 40(a)(3)(B). *See Fellowship Missionary Baptist Church v. Sigel,* 749 S.W.2d 186, 188 (Tex.App.—Dallas 1988, no writ); *Matlock v. Allstate Ins. Co.,* 729 S.W.2d 960 (Tex.App.—Corpus Christi 1987, no writ); *Bantuelle v. Renfroe,* 620 S.W.2d 635, 639 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r.e.). The plain language of the rule supports this conclusion.

In this case there is no dispute as to the fact that appellant failed to notify the court reporter of the filing of her indigency affidavit. Therefore, under the plain language of the rule, she is not entitled to prosecute the appeal unless she pays the costs or gives security therefor. Since she has not timely done so, I would hold that appellant is not entitled to further prosecute her appeal, and I would dismiss it.

ENOCH, C.J., and McCLUNG and BURNETT, JJ., join in this dissent.