### CUIPER v. WOLF et al.
### No. 12322.

Court of Civil Appeals of Texas.
San Antonio.
Sept. 19, 1951.

Rehearing Denied Oct. 10, 1951.

Luther E. Jones, Jr., Corpus Christi, for appellant.

Sam I. Pittman and King & Nesbitt, all of Corpus Christi, for appellees.

NORVELL, Justice.

This is an appeal from an order granting a temporary injunction restraining the appellant, John Cuiper, from proceeding further with the construction of a four unit apartment house on Lot 2, Block 4, of the Lexington Center Addition to the City of Corpus Christi, Texas. The appellees, who secured the injunction, are owners of other lots within the subdivision and the order complained of is based upon certain restrictive covenants affecting the property which were placed of record by W. T. Pulliam, the original subdivider of the addition, and referred to in deeds conveying the respective lots to purchasers.

The two convenants mentioned in the briefs and applicable to the present dispute are as follows:

"All lots in said Lexington Center Addition shall be used for residential purposes only * * *.

"No dwelling shall be erected on less than one (1) full lot as platted on the map of said Addition * * *."

The first covenant above mentioned does not prohibit the erection of a four unit apartment, so long as the building is used exclusively for residential purposes. Appellant has cited us to a collation of authorities in 175 A.L.R. 1199–1202, and 14 A.L.R.2d 1381–1384, which support the proposition that, "Restrictions which, without more, merely limit the use of the property to 'residence' or 'dwelling' purposes have generally been held not to have the effect of forbidding the erection or maintenance of multiple dwellings, the courts taking the view that such terms were directed only at the type of use to be made of the property, and not at the number of families which might make such use." 14 A.L.R.2d 1381.

It, however, appears that the trial judge in granting the injunction relied primarily upon the proscription against erecting a *dwelling* upon less than one full lot. The case turns upon the meaning of the word, "dwelling" as used in the covenant. Does it comprehend a single unit or a number of units contained within one structure?

Appellant suggests that a correct definition of "dwelling" is, "A building used for human habitation." Funk & Wagnall's New Standard Dictionary. A dwelling is defined in Webster's New International Dictionary as a "habitation; place or house in which a person lives; abode; residence; domicile." Appellant asserts that restrictions upon the use of property should be strictly construed in favor of the grantee and in favor of the free and unrestricted use of the premises. Baker v. Henderson, 137 Tex. 266, 153 S.W.2d 465, and that the definition of "dwelling" is broad enough to cover an apartment house of the type which appellant wishes to construct.

If the word "dwelling" be taken from its context and considered by itself as an isolated word, it could reasonably be con-

832

strued to include an apartment containing several dwelling units. A modern dwelling unit is generally thought of as consisting of a kitchen, a bathroom, a place or places to sleep, together with other and additional rooms suitable for use by a family or a number of persons living together as a family.

■ It seems inescapable to us that a dwelling unit is meant by the word "dwelling" as used in the covenant providing that "no dwelling shall be erected on less than one (1) full lot". This is the meaning of the word as gathered from its position and context in the sentence involved. The lots in the addition are tracts of land of limited area. The obvious purpose of the restriction was to control building conditions so that crowding of structures and lack of space between would not result. Obviously, this purpose would be defeated by construing the word "dwelling" as including more than one dwelling unit and permitting the construction of four or eight unit apartments. Green v. Gerner, Tex.Civ. App., 283 S.W. 615, affirmed, Id., Tex. Com.App., 289 S.W. 999.

The judgment is affirmed.