**Roy D. BRITE et ux., Appellants,**

v.

**John GRAY et al., Appellees.**

No. 6576.

Court of Civil Appeals of Texas.

Beaumont.

March 19, 1964.

Frank M. Adams, Beaumont, for appellants.

King, Sharfstein & Rienstra, Beaumont, for appellees.

HIGHTOWER, Chief Justice.

This is an injunction suit that was brought as a class action by appellee John Gray, et al., as homeowners in the Lakeview Terrace Addition, a residential subdivision of the City of Beaumont, against Roy D. Brite and wife, Frances H. Brite, to enjoin them from constructing and operating an animal clinic upon certain property owned

by them within said addition. The Brites have appealed from the judgment of the trial court temporarily enjoining them from constructing said clinic and from using their property for other than residential purposes. It is their contention that restrictions appertaining to certain of the lots in said addition have no application to their property.

The original developer-owners of the addition, prior to the sale of any of the lots therein, filed for record a map or plat of the addition along with a dedication thereof, pertinent provisions in the latter instrument being:

"Whereas [the developers] are the owners in fee simple of Lots One (1) to Ten (10) in Block One (1); Lots One (1) to Ten (10) in Block Two (2); and Lots One (1) to Sixteen (16) in Block Three (3), all in Lakeview Terrace Addition to the City of Beaumont * * * Whereas, in consideration of the advantages to be derived therefrom, the owners have agreed to restrict all of such property as to the nature of the buildings to be erected thereon, and the purposes for which they shall be used * * * All lots in the tract shall be known and described as residential lots, except Lot One (1) in Block One (1). * * * Lot One (1) in Block One (1) is reserved for commercial purposes * * *"

Immediately south of Lot Ten (10) of Block Two (2) was a small strip of property. Contiguous to the southern boundary of this bit of property was a small lake. Although the boundaries of the addition, as evidenced by the plat of record, encompassed this small strip of property and lake, such property had not been surveyed and designated on the plat as being either a lot or lots. A filled-in portion of the lake and the strip of property contiguous thereto is the focal point of this litigation.

The instrument of dedication contained restrictions, among others, to the effect that no noxious or offensive trade or activity shall be carried on upon any lot nor shall anything be done thereon which may be or become an annoyance or nuisance to the neighborhood; that no animal, livestock or poultry of any kind shall be raised, bred or kept on any lot except that household pets may be kept provided that they are not kept, bred or maintained for any commercial purposes.

Most of the lots in the addition were sold to appellees and those whom they represent. All these deeds contained the restrictions above mentioned, incorporated them therein and subjected the property conveyed thereto. At a later date the developers, having retained title to the lake proper, filled in a small portion of the same and conveyed title to the remainder of the lake proper to the property owners of the addition.

Subsequently, the developers of the addition conveyed to H. E. Austin and wife as Tract One (1) all of Lots Nine and Ten in Block Two of the addition subject to all restrictions of record. By the same instrument the developers conveyed to Austin and wife the filled-in portion of said lake together with the small strip of property contiguous thereto, this property being described in the deed as Tract Two, containing .261 acres, more or less.

Immediately following said paragraph describing Tract Two was the provision that "the conveyance of the two tracts of land hereinabove described is made subject to all reservations, restrictions, easements and covenants of record affecting the said property."

Thereafter Austin and wife conveyed all of Lots Nine and Ten in Block Two of Tract One to appellants which, as aforesaid, had been conveyed to them by the developers. The conveyance of the Austins of said lots to appellants subjected said lots to the same restrictions as has been hereinbefore stated. However, by the same instrument, the Austins conveyed the small strip of property together with the filled-in portion of the aforesaid lake contiguous

thereto to appellants, designating the same as being "Tract Two". The conveyance of this latter property omitted any reference to the restrictions aforesaid.

It is the contention of appellees that the restrictions appertaining to the lots generally in the addition have no application to their property described as Tract Two. In this connection, they emphasize that the developers specifically restricted the restrictions to the lots and blocks hereinbefore enumerated.

Appellants and appellees submit that there are no decisions in this state or others directly in point, and we have found none.

It was not alleged that there existed any ambiguity in any of the instruments heretofore referred to. Therefore, said instruments should be construed so as to carry out the intent of the parties thereto. This intent is to be gathered from the instruments as a whole and not from isolated parts thereof. The acts and conduct of the parties themselves, including acts done in course of performance, indicating the construction that the parties themselves applied is to be considered. Ervay, Inc. v. Wood, Tex.Civ.App., 373 S.W.2d 380, and cases cited.

We construe the conveyance from the developers to the Austins as expressly providing that the same restrictions applicable to the property in the addition generally are also applicable to Tract Two. Were such restrictions not contained in said conveyance, perhaps it could be argued that there did exist an ambiguity as to whether or not Tract Two was burdened with any restrictions. Theoretically, it could be that the developers, by expressly singling out specific lots in the addition to which the restrictions were to apply, excluded consideration that such restrictions were applicable to any of the other property in the addition under the doctrine of "expressio unius est exclusio alterius." However, said conveyance from the developers to the Austins clearly establishes that Tract Two was restricted. This conveyance, together with all the other instruments hereinbefore mentioned, establishes that the developers and all those deraigning title from them, with the exception of appellants, contemplated a genteel residential neighborhood adjacent to a small lake, unblemished by the construction of commercial enterprises of the nature which appellants wished to establish. The record as a whole indicates a general scheme for such a neighborhood.

Moreover, the Austins accepted title to Tract Two with the restrictions imposed thereon. These were restrictive covenants running with the land. They could convey no greater estate to appellants than that which they had received. Matthews v. Rains County, Tex.Civ.App., 206 S.W.2d 852.

We hold that appellants' property, Tract Two (2), is burdened with the same restrictions applicable to other lots in the addition and that the trial court correctly issued the injunction.

Affirmed.