**Violet M. FOWLER, Appellant,**

v.

**Douglas C. BROWN et ux., Appellees.**

**No. 5499.**

Court of Civil Appeals of Texas, Waco.

March 18, 1976.

Rehearing Denied April 8, 1976.

E. H. O'Dowd, Robinson, for appellant.

Walter D. Kettler, Waco, for appellees.

HALL, Justice.

This appeal was brought to question an order temporarily enjoining the appellant from violating a deed restriction which limits her use of her homeplace to "residential purposes exclusively." We affirm.

The appellees pleaded, and the evidence shows without contradiction, that they own and reside on Lot 4, Block 3, of the Wiebusch Addition, Part No. one, to the City of Robinson in McLennan County; that the appellant owns and resides on Lot 3, Block 3, of said addition; that duly recorded deed restrictions are in effect in said addition and were in effect when these parties purchased their respective lots; and that restriction number one provides, "All of such lots shall be used for residential purposes exclusively." Additionally, the appellees alleged that the appellant is preparing to open a business on her lot in violation of the deed restriction and to the appellants' irreparable damage. The appellant responded with a lengthy answer which we need not detail.

■ The appellant asserts that there is no evidence of a violation or threatened violation by her of the deed restriction. There is evidence that the appellant wants to operate a retail florist shop at her residence; that she canvassed the neighborhood seeking permission to do so from the other owners in the addition; that after the appellees, through their attorneys, informed the appellant that they disapproved and assured her they would bring legal action to prevent a violation of the deed restriction by her, she took a course in floral designing at a cost to her of approximately $500, and closed in a garage and made other changes in her residence toward accommodating a florist shop at an expense of over $6,000; that her plans call for a retail business which will be 90% delivery and 10% walk-in trade; that the business hours will be from 9:00 A.M. to 5:00 P.M.; and that she expects to profit from the business so that she can supplement her other income. While there is other proof of similar import, this evidence is legally sufficient to show an intended violation of the deed restriction by the appellee.

■ The appellant pleaded waiver of the restriction, and now asserts that this defense is conclusively established by the proof of other business ventures within and without the subdivision in question. We disagree. "A waiver takes place where one dispenses with the performance of something which he has a right to exact, and occurs where one in possession of any right, whether conferred by law or by contract, with full knowledge of the material facts, does or forbears to do something, the doing of which or the failure or forbearance to do which is inconsistent with the right or his intention to reply upon it." *Ford v. Culbertson,* 158 Tex. 124, 308 S.W.2d 855, 865 (1958). Violations of restrictions outside the area in question cannot be relied upon as a waiver by the appellees of violations within the area. *Davis v. Hinton,* 374 S.W.2d 723, 726 (Tex.Civ.App.—Tyler, 1964, writ ref., n. r. e.). The trial court was justified in finding that two asserted violations within the addition relied upon by the appellant to support her contention of waiver are trivial in character in comparison to one she intends. These will not support waiver. *Stewart v. Welsh,* 142 Tex. 314, 178 S.W.2d 506, 509 (1944).

The seventh restriction in the deeds provides, "No noxious or offensive activity shall be carried on upon any lot, nor anything be done thereon which may be or become an annoyance or nuisance to the neighborhood." Because there is no evidence that the appellant's intended use of her residence as a florist shop would be a "noxious or offensive activity" or a "nuisance to the neighborhood" she says the temporary writ of injunction must fall, asserting in effect that restriction number seven is a limitation on the "residential use only" restriction. We overrule this contention. The appellant's use of her house as a florist shop would be a business use in violation of the first restriction. The activities condemned in the seventh restriction would not necessarily arise by reason of, or only from, a commercial use of the property. The first and seventh restrictions are each independent. Neither is a limitation on the other. *Vaccaro v. Rougeou,* 397 S.W.2d 501, 503 (Tex.Civ.App.—Hou., 1966, writ ref., n. r. e.).

Trial courts are endowed with broad discretion to grant or deny an application for temporary injunction, and the narrow question on appeal from such action is whether the order of the trial court constitutes a clear abuse of discretion. *Janus Films, Inc. v. City of Fort Worth,* 163 Tex. 616, 358 S.W.2d 589 (1962). There is no abuse of discretion in the issuance of the writ where the pleadings and the evidence show a probable right of recovery in the applicant and a probable injury to him if the writ is not granted. *Camp v. Shannon,* 162 Tex. 515, 348 S.W.2d 517, 519 (1961). We find no abuse of discretion, here.

The appellant's points and contentions are overruled. The judgment is affirmed.