Allan S. MILLS, et al., Appellant,

v.

Leon F. KUBENA, et al., Appellee.

No. 01–84–0516–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 10, 1985.

Rehearing Denied Feb. 7, 1985.

Gary Risley, Lawrence, Thornton, Payne, Watson & Kling, Bryan, for appellant.

Jonathan Miller, Caperton, Rodgers & Miller, Bryan, for appellee.

Before EVANS, C.J., and JACK SMITH and COHEN, JJ.

## OPINION

EVANS, Chief Justice.

This is an appeal from a permanent injunction entered against the appellants in a suit to enforce a deed restriction.

The appellees, Mr. and Mrs. Kubena and Mr. and Mrs. Rosynek, are home owners in a residential subdivision. The appellants, Mr. and Mrs. Mills, also live in the subdivision, on the same street as the appellees. The appellants entered into the commercial child care business and registered their premises as a family home under section 42.002(9) of the Texas Human Resources Code. That section defines a "registered family home" as:

> a facility that regularly provides care in the caretaker's own residence for not more than six children under 14 years of age, excluding the caretaker's own children, and that provides care after school hours for not more than six additional elementary school siblings of the other children given care, but the total number of children, including the caretaker's

own, does not exceed 12 at any given time.

Tex.Hum.Res.Code Ann. sec. 42.002(9) (Vernon 1980).

On weekdays between 8 a.m. and 6 p.m., Mrs. Mills cared for up to six preschool children in her home and backyard. The children's parents delivered them to and picked them up from the Mills home, which is located on a cul-de-sac. Traffic increased somewhat along the street in front of the appellees' homes each day. The appellants' backyard contained a swing set, a sand box, a jungle gym, a tire swing, and a merry-go-round for the children, who ranged in age from nine months to five years. The appellants reported income and deducted expenses related to their child care facility on their annual income tax returns.

In September 1982, the appellees brought this action to enforce a deed restriction that limited the use of subdivision lots to residential purposes. The trial court determined, as a matter of law, that the appellants' use of their property violated the deed restriction, but it submitted an issue to the jury inquiring whether there had been a waiver of such restriction. The jury answered that issue in the affirmative. However, the trial court granted the appellees' motion for judgment non obstante veredicto and entered judgment permanently enjoining the appellants from using their property for nonresidential purposes. They appeal from that judgment.

The appellants complain, in their second and fourth points of error, that the trial court erred in ruling as a matter of law that the use being made of their property violated the subdivision restrictions, because their operation of a registered family home was an incidental use of their home. In their briefs, the appellants concede, for purposes of argument, that their activity constituted a business, but they contend that the evidence presented a fact issue as to whether the activity violated the restriction to such a substantial degree as to entitle the appellees to injunctive relief.

The deed restriction provided in pertinent part:

> No lot shall ever be used for any purpose except for residential purposes, and no lot shall ever be used for through traffic purposes. No building shall be erected, altered, placed or permitted to remain on any lot other than one detached single family dwelling not to exceed two and one-half stories in height and a private garage or carport other structure [sic] which supplements the residence, and use of which is compatable [sic] to the residence, such as fences, walls, pools, terraces, and similar landscaping features.

The trial court properly construed this provision as forbidding any use of the property for other than residential purposes. *See Vaccaro v. Rougeou*, 397 S.W.2d 501, 502–03 (Tex.Civ.App.—Houston 1965, writ ref'd n.r.e.).

■ The trial court also ruled properly in deciding, as a matter of law, that the nature of the appellants' activity violated the deed restriction. The appellants' full-time operation of a commercial child care facility constituted an ongoing business, which was conducted entirely on their residential premises. When the children were being delivered and picked up, traffic increased in the cul-de-sac, and that fact indicated, as did the appellants' backyard playground facility, that appellants were conducting a business on their premises. Similar activities have been held to constitute prohibited activities in violation of residential subdivision restrictions. *See, e.g., Park v. Baxter*, 572 S.W.2d 794 (Tex.Civ.App.—Tyler 1978, writ ref'd n.r.e.) (use of home for music and swimming lessons); *Fowler v. Brown*, 535 S.W.2d 46 (Tex.Civ.App.—Waco 1976, no writ) (use of garage as a florist shop); *Sumerlin v. Cox*, 344 S.W.2d 742, 743 (Tex. Civ.App.—Eastland 1961, writ ref'd) (use of home as a music school).

■ We next consider whether the trial court committed reversible error in refusing to submit the appellants' requested special issue, inquiring whether the use of their property constituted a substantial and

distinct violation of the covenant prohibiting nonresidential use. In deciding this issue, we must consider not only the sufficiency of the evidence to support the submission of such an issue, but also whether the requested issue was in substantially correct form. We find that some evidence existed, from which reasonable minds might draw different conclusions, as to whether the appellants' use of their home was a substantial violation of the deed restriction. There was testimony that the appellants' use of their premises was merely a "babysitting" activity and that such use was unobtrusive, caused no appreciable damage to the property of other homeowners, and resulted in no inconvenience, annoyance, or discomfort to the neighbors. Thus, we conclude that there was legally sufficient evidence to support the submission of a special issue on the matter.

■ The next question is whether the appellees had the burden of obtaining an affirmative finding on the issue of substantial compliance or whether the issue was defensive in nature, imposing the burden on the appellants. This court has previously concluded that the issue in a residential restrictive covenant case is defensive in nature. *Townplace Homeowners' Association, Inc. v. McMahon,* 594 S.W.2d 172, 175 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.). Therefore, the burden rested upon the appellants to request and tender a special issue in substantially correct form and to obtain an affirmative finding thereon. Tex.R.Civ.P. 279. *See, e.g., Estate of Blardone v. McConnico,* 604 S.W.2d 278, 282-83 (Tex.Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.).

The issue requested by the appellants inquired:

> Do you find from a preponderance of the evidence that the use made by Allan and Andrea Mills of their residence in Camelot, Section IV, is a substantial and distinct violation of the covenant prohibiting non-residential uses?
>
> In connection with answering this question you are intstructed [sic] that a substantial and distinct violation is one in which the use of the property complained of is an obtrusive use and not merely incidental to the use of the house as a residence.

This requested issue improperly placed the burden on the appellees to persuade the jury, by a preponderance of the evidence, that the appellants' use constituted a substantial and distinct violation of the deed restriction. Since the requested issue was not in substantially correct form, the trial court did not err in refusing to submit it. *Goodnight v. Phillips,* 458 S.W.2d 196, 202 (Tex.Civ.App.—Houston [1st Dist.] 1970, writ ref'd n.r.e.). We accordingly hold that the trial court acted within its discretion in granting the appellees' application for injunctive relief upon the evidence before it. We overrule the appellants' second and fourth points of error.

■ We also overrule the appellants' third point of error, in which they contend that, as a matter of public policy, their operation of a registered family home does not violate the residential use restriction. Although the Texas Human Resources Code does express a state policy of insuring the protection of children in child care facilities and of encouraging and assisting in the improvement of child care programs, this general language cannot reasonably be construed as adequate support for the appellants' contention that a registered family home does not, as a matter of law, violate a residential use covenant.

We next consider the appellants' first point of error, in which they assert that the trial court erred in disregarding the jury's finding on the issue of waiver. We overrule this point.

The trial court submitted a special issue inquiring whether there had been a waiver of the restriction prohibiting the use of subdivision lots for other than residential purposes. The jury was instructed that, in order to find such a waiver, there had to be evidence showing such other nonresidential activities as would lead a reasonable person to conclude that the restriction had been abandoned and its enforcement waived. The factors to be considered in answering

this issue were the number, nature, and severity of any prior nonresidential use violations, any previous acts of enforcement of the restriction, and, additionally, whether it was still possible to realize to a substantial degree the benefits protected by the restriction. The instruction further required the evidence to show that the preexisting nonresidential use violations were substantial in nature and materially affected the use of all the appellees' lots for residential purposes. Finally, all appellees had to have knowledge of the other violations for a waiver to occur.

 There was some evidence of other business activity in the neighborhood. The appellants focus their argument on the activities of Mr. Emery Ragsdale, who stored and repaired video game machines from his business in his garage and driveway. Employees of Mr. Ragsdale, driving unmarked vehicles, frequently visited his house, which was situated diagonally across the street from the Rosyneks' home. There was testimony indicating that some residents of the subdivision knew of Mr. Ragsdale's business-related activities and also that it was possible to see the boxes containing video game machines from the Rosyneks' home. However, there was no showing that the Rosyneks themselves knew of Mr. Ragsdale's activities and recognized them to be commercial or that the other appellees were aware of such activity. Even considered in its most favorable light, the evidence raises no more than a mere suspicion that the appellees knew of other alleged violations in the subdivision, and the trial court did not err in disregarding the jury's finding on the issue. *See Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex.1983).

 The appellants' points of error five and six complain that the trial court erred in excluding certain proffered testimony on the effect of zoning in the location of registered family homes and on the difference between a day-care center and a registered family home. Under these points, the appellants argue that testimony on the effect of zoning and on the difference between

day-care centers and registered family homes should have been allowed, particularly to rebut the references at trial to a "day-care center cul-de-sac." The appellants have not demonstrated how such testimony would be relevant in deciding whether there was a substantial violation of the deed restriction in this particular case. Furthermore, we note that there is no bill of exception in the record showing what the testimony would have been concerning the distinction between a day-care center and a registered family home. We conclude that the trial court did not abuse its discretion in excluding this evidence. We overrule the appellants' fifth and sixth points of error.

We affirm the trial court's judgment.