James S. MUNSON, Marilyn A. Munson, and Dora E. Colley, Appellants,

v.

Frank MILTON, Lucille Milton, C.F. Morse, J.M. Hardwick, Sr., Frances Hardwick, Ken Hardcastle, Sandy Hardcastle, Dewey Pinegar, Jack Harlan, Arnell Harlan, F.H. Cherrington, Virginia Cherrington, William Aymes, Mary Jo Aymes, Curtis & Carrie Boyles, Appellees.

No. 04–96–00694–CV.

Court of Appeals of Texas, San Antonio.

April 30, 1997.

Rehearing Overruled Aug. 6, 1997.

Phillip M. Hughes, Crawford, Crawford & Hughes, Uvalde, James S. Munson, Wharton, Michael C. Boyle, Matthews & Branscomb, P.C., Uvalde, for Appellants.

W. Patrick Dodson, Dodson, & Lowe, Uvalde, Joe M. Davis, Nunley & Jolley, L.L.P., Boerne, Thomas B. Black, San Antonio, for Appellees.

Before STONE, DUNCAN and ANGELINI, JJ.

## OPINION

STONE, Justice.

This is an accelerated appeal of an order granting a temporary injunction. Appellants own one lot in the Chisum's Subdivision located in Uvalde, Texas. The remaining lots are owned by appellees. Since the fall of 1995, appellants have rented the house located on their lot to third parties through "Rio Frio Bed n Breakfast and Lodging," a professional rental agent. The third parties are generally vacationers who use the property for short periods of time, generally two to five days.

Paragraph six of the Reservations, Restrictions and Covenants Pertaining to Chisum's Subdivision restricts the use of the lots as follows:

> All tracts within the Chisum's subdivision shall be used solely for residential, camping or picnicing purposes and shall never be used for business purposes. Motel, tourist courts, and trailer parks shall be deemed to be a business use.

Appellees filed suit seeking a temporary and permanent injunction to prohibit appellants from renting their house in violation of the foregoing restriction.

The trial court granted appellees a temporary injunction enjoining appellants from "renting and/or leasing said property to the public for lodging, vacation and recreation purposes." Appellants now appeal the trial court's order, contending the trial court abused its discretion in granting the temporary injunction because appellees failed to establish a probable right of recovery or the possibility of irreparable injury in the absence of temporary relief. Appellants also contend the temporary injunction imposes an unlawful restraint on the alienation of the appellants' property.

## STANDARD OF REVIEW

At a temporary injunction hearing, the only issue before the trial court is whether the status quo should be preserved pending trial on the merits. *Camp v. Shannon,* 162 Tex. 515, 348 S.W.2d 517, 519 (1961); *Ramsey v. Lewis,* 874 S.W.2d 320, 322 (Tex. App.—El Paso 1994, no writ). The only issue on appeal is whether the trial court clearly abused its discretion in resolving that issue by granting or denying the temporary injunction. *City of San Antonio v. Rankin,* 905 S.W.2d 427, 430 (Tex.App.—San Antonio 1995, no writ); *Ramsey v. Lewis,* 874 S.W.2d at 323. The trial court abuses its discretion when it "misapplies the law to the established facts or when the evidence does not reasonably support the conclusion that the applicant has a probable right of recovery." *City of San Antonio v. Rankin,* 905 S.W.2d at 430. All legitimate inferences from the evidence are drawn in favor of the trial court's judgment, and the trial court does not abuse its discretion where the evidence "tends to sustain the cause of action as alleged." *Id.*

## PROOF OF IRREPARABLE INJURY

Generally, a movant qualifies for temporary injunctive relief by showing: (1) a probable right of recovery; (2) imminent, irreparable harm will occur in the interim if the request is denied; and (3) no adequate remedy at law exists. *Id.* Despite this general rule, however, a movant seeking a temporary injunction to enforce a restrictive covenant is not required to show proof of irreparable injury. *Guajardo v. Neece,* 758 S.W.2d 696, 698 (Tex.App.—Fort Worth 1988, no writ). Instead, the movant is only required to prove that the defendant intends to do an act that would breach the covenant. *Id.*

Appellants contend the trial court abused its discretion in granting the temporary injunction because the evidence fails to estab-

lish that appellees would suffer irreparable injury if the relief were not granted. This contention has no effect on the trial court's ability to grant temporary relief in the instant case. As previously noted, appellees were not required to show proof of irreparable injury because they were seeking a temporary injunction to enforce a restrictive covenant. *Guajardo v. Neece,* 758 S.W.2d at 698. Therefore, this contention is without merit.

## VIOLATION OF RESTRICTIVE COVENANT

Appellants also contend that appellees failed to establish a probable right of recovery because there was no showing that the action undertaken by appellants violated the restrictive covenant. Appellants then cite various cases to support the proposition that the rental of property used for living purposes does not violate a residential use restriction. Appellees counter with cases that suggest that the rental of property may violate a residential use restriction under certain circumstances.

■ In construing a restrictive covenant, a court's primary task is to determine the intent of the framers of the restrictive covenant. *Wilmoth v. Wilcox,* 734 S.W.2d 656, 658 (Tex.1987). In determining this intent, the court must liberally construe the covenant's language and must ensure that every provision is given effect. Tex. Prop. Code Ann. § 202.003(a) (Vernon 1995); *Crispin v. Paragon Homes, Inc.,* 888 S.W.2d 78, 81 (Tex.App.—Houston [1st Dist.] 1994, writ denied)(entire instrument must be examined and considered); *Imperial Interplaza II, Inc. v. Corrections Corp. of America, Inc.,* 717 S.W.2d 422, 424 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.)(none of instrument's provisions should be rendered meaningless). If there is ambiguity or doubt as to the intent, the covenant is to be strictly construed against the party seeking to enforce it in favor of the free and unrestricted use of the premises. *See, e.g., Wilmoth,* 734 S.W.2d at 657; *Silver Spur Addition Homeowners v. Clarksville Seniors Apartments,* 848 S.W.2d 772, 774 (Tex.App.—Texarkana 1993, writ denied)(ambiguity resolved in fa-

vor of least restrictive interpretation); *Dempsey v. Apache Shores Property Owners Ass'n, Inc.,* 737 S.W.2d 589, 592 (Tex.App.—Austin 1987, no writ)(covenant construed in favor of grantee only when intent not ascertainable); *Covered Bridge Condominium Ass'n, Inc. v. Chambliss,* 705 S.W.2d 211, 214 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.).

Neither party to this appeal asserts that the restrictive covenant at issue is ambiguous. Therefore, our goal is to determine whether the trial court was correct in finding that the objective intent of the covenant, or the intent expressed in the writing, was probably violated by the appellants' actions. *Silver Spur Addition Homeowners,* 848 S.W.2d at 774; *Candlelight Hills Civic Ass'n, Inc. v. Goodwin,* 763 S.W.2d 474, 477 (Tex. App.—Houston [14th Dist.] 1988, writ denied).

■ A residential use restriction generally does not prohibit the use of property for duplexes, apartments or condominiums. *See MacDonald v. Painter,* 441 S.W.2d 179, 182 (Tex.1969); *Travis Heights Improvement Ass'n v. Small,* 662 S.W.2d 406, 408 (Tex. App.—Austin 1983, no writ); *Stephenson v. Perlitz,* 537 S.W.2d 287, 289 (Tex.Civ.App.—Beaumont 1976, writ ref'd n.r.e.); *Cuiper v. Wolf,* 242 S.W.2d 830, 831 (Tex.Civ.App.—San Antonio 1951, no writ). The covenant at issue here, however, contains an additional sentence that clarifies the framers' intent in distinguishing between "residential" and "business" use for purposes of the covenant. This additional sentence provides that "[m]otel, tourist courts, and trailer parks shall be deemed to be a business use." In determining what the framers intended by adding this sentence, we look to the law defining residence.

■ Although the term "residence" is given a variety of meanings, residence generally requires both physical presence and an intention to remain. *See Smith v. Board of Regents of the University of Houston System,* 874 S.W.2d 706, 712 (Tex.App.—Houston [1st Dist.] 1994, writ denied)(citing *Martinez v. Bynum,* 461 U.S. 321, 330, 103 S.Ct. 1838, 1843, 75 L.Ed.2d 879 (1983)), *cert. de-*

*nied,* 514 U.S. 1111, 115 S.Ct. 1964, 131 L.Ed.2d 855 (1995). If a person comes to a place temporarily, without any intention of making that place his or her home, that place is not considered the person's residence. *Slusher v. Streater,* 896 S.W.2d 239, 243 (Tex. App.—Houston [1st Dist.] 1995, no writ).

■ The Texas Property Code draws a distinction between a permanent residence and transient housing, which includes rooms at hotels, motels, inns and the like. *See Warehouse Partners v. Gardner,* 910 S.W.2d 19, 23 (Tex.App.—Dallas 1995, writ denied); *see also* TEX. PROP.CODE ANN. § 92.152(a) (Vernon 1995). For purposes of the hotel occupancy tax, the Texas Tax Code defines hotel to include "a hotel, motel, tourist home, tourist house, tourist court, lodging house, inn, rooming house, or bed and breakfast." TEX. TAX CODE ANN. § 156.001 (Vernon Supp. 1997). Although the venue statutes permit a defendant to have a residence in two or more counties, the residence must be occupied over a substantial period of time and must be permanent rather than temporary in order to qualify as a second residence. *Howell v. Mauzy,* 899 S.W.2d 690, 697 (Tex.App.—Austin 1994, writ denied).

■ Just as the foregoing cases and statutory provisions draw distinctions between temporary or transient housing and a residence, we believe the framers of the restrictive covenant intended to draw a similar distinction between residential and business use by adding the third sentence to paragraph six of the Reservations, Restrictions and Covenants. At least two of the activities listed as business uses in this sentence are directed at transient-type housing, and in order to give effect to this sentence, we believe the covenant must be read to prohibit the use of the restricted property for this type of housing. We further believe that the nature of the rental activity in which appellants have been engaged results in the property being used for the type of transient housing that the third sentence of paragraph six intended to designate as a business use. For this reason, we agree with the trial court that the appellees have established a probable violation of the restrictive covenant.

Despite our agreement with the trial court that a probable violation of the restrictive covenant has been demonstrated, we believe that the scope of the temporary injunction is overbroad. *See Keystone Life Ins. Co. v. Marketing Management, Inc.,* 687 S.W.2d 89, 93 (Tex.App.—Dallas 1985, no writ)(modifying overbroad injunction). Only rental activity that results in the property being used for transient-type housing should be restrained. Therefore, we modify the temporary injunction to enjoin appellants from "renting and/or leasing said property to the public for temporary or transient housing purposes."

■ In their amended brief, appellants assert that the trial court abused its discretion in crafting its temporary injunction order as a restraint upon alienation of appellants' property. When restrictions are confined, however, to a lawful purpose and are reasonable, such covenants will be enforced. *Wilmoth,* 734 S.W.2d at 657; *Davis v. Huey,* 620 S.W.2d 561, 565 (Tex.1981). Property owners are permitted to create binding restrictions on the use of their property, *Wiley v. Schorr,* 594 S.W.2d 484, 487 (Tex.Civ.App.—San Antonio 1979, writ ref'd n.r.e.), and restrictions limiting the use of property to residential purposes and prohibiting business use are not unenforceable restraints on alienation. *Moore v. Smith,* 443 S.W.2d 552, 554, 556 (Tex.1969). As modified, the temporary injunction enforces a reasonable restraint on the use of property contractually imposed with the agreement of the property owners. Therefore, it does not impose an unreasonable restraint on alienation.

## CONCLUSION

Appellees have established a probable violation of the restrictive covenant at issue by appellants; therefore, they are entitled to a temporary injunction. Nevertheless, the temporary injunction ordered by the trial court is overly broad because it enjoins appellants from activities the restrictive covenant was not intended to prohibit. Therefore, the temporary injunction is modified to enjoin appellants from "renting and/or leasing said property to the public for temporary

or transient housing purposes." As modified, the trial court's order is affirmed.

Dissenting opinion by DUNCAN, J.

DUNCAN, Justice, dissenting.

I respectfully dissent. In my view, the restrictive covenant at issue does not unambiguously prohibit renting single-family homes on a tract within the Chisum Subdivision for living purposes, whether temporary or permanent. At the very least, I would hold the covenant ambiguous and therefore resolve "[a]ll doubts ... in favor of the free and unrestricted use of the premises," as mandated by the Supreme Court of Texas in *Wilmoth v. Wilcox*, 734 S.W.2d 656, 657 (Tex. 1987).

## STANDARD OF REVIEW

As the majority notes, the sole issue to be determined at a temporary injunction hearing is whether the status quo should be preserved pending a trial on the merits. To make this determination, the trial court is required to determine "the last peaceable status quo," that is "the status which existed at the time of the filing of the ... suit." *City of Lubbock v. Stubbs*, 160 Tex. 111, 327 S.W.2d 411, 415 (1959). In *Stubbs*, the City of Lubbock sought to enjoin Stubbs from using his land as a mobile trailer home park. At the time suit was filed, Stubbs had placed 48 mobile trailer homes on his property. The parties conceded, and the court held, that the injunction would not apply to these 48 mobile trailer homes because they existed at the time suit was filed. *Id.* 327 S.W.2d at 415.

In this case, the status quo at the time suit was filed was that the appellants were renting the house to third parties. As a preliminary matter, I fail to see how a temporary injunction precluding the use existing at the time suit was filed preserves the status quo.

## RESTRICTIVE COVENANT

The rules for construing restrictive covenants were set forth by the Supreme Court of Texas a decade ago. Our essential "task is to determine the intent of the framers of the restrictive covenants." *Wilmoth,* 734 S.W.2d at 658. But in doing so, we must be mindful that "covenants restricting the free use of land are not favored by the courts," and they will be enforced only "when confined to a lawful purpose and are clearly worded." *Id.* at 657. Accordingly, "[a]ll doubts must be resolved in favor of the free and unrestricted use of the premises, and the restrictive clause must be construed strictly against the party seeking to enforce it." *Id.* "The words used in the restriction, and the restriction as a whole, may not be enlarged, extended, stretched or changed by construction." *Id.* Rather, the words must be given their "commonly accepted meaning" at the time the covenant was written. *Id.* at 657–58.[1]

As noted by the majority, the covenant at issue states that "[a]ll tracts within the Chisum's subdivision shall be used solely for *residential,* camping or picnicing [sic] *purposes. Motel[s], tourist courts, and trailer parks shall be deemed to be a business use.*" The use sought to be enjoined is renting a residence to third parties. Our task, therefore, is two-fold. First, we must determine whether restricting the use of a tract to "residential purposes" precludes renting a single-family residence. Second, we must determine whether renting a single-family residence is to be deemed a "business purpose," along with "motel[s], tourist courts, and trailer parks."

### Residential Purposes

As the majority implicitly recognizes, "[t]he terms 'residence purposes,' and 'residences' require the use of property for living

1. Although the Texas Legislature has mandated that "[a] restrictive covenant shall be liberally construed to give effect to its purposes and intents," TEX. PROP.CODE ANN. § 202.003(a) (Vernon 1995), this mandate does not conflict with the common law rule that covenants are to be construed "either to favor the free and unrestricted use of land or to strictly construe it against the

party seeking to enforce it." *Crispin v. Paragon Homes, Inc.,* 888 S.W.2d 78, 81 n. 1 (Tex.App.— Houston [1st Dist.] 1994, writ denied) (citing *Wilmoth v. Wilcox,* 734 S.W.2d 656, 657 (Tex. 1987)); *see also Ashcreek Homeowner's Ass'n v. Smith,* 902 S.W.2d 586, 588–89 (Tex.App.— Houston [1st Dist.] 1995, no writ) (following *Crispin*).

purposes as distinguished from uses for business or commercial purposes." *MacDonald v. Painter*, 441 S.W.2d 179, 182 (Tex.1969). In *MacDonald*, the court held that "the terms, without other limiting words, do not prohibit duplex living units." *Id.* Indeed, this court has specifically held that restricting lot usage to "residential purposes" does not preclude the construction of a four-unit apartment house, "so long as the building is used exclusively for residential purposes." *Cuiper v. Wolf*, 242 S.W.2d 830, 831 (Tex.Civ. App.—San Antonio 1951, no writ).

From these cases, it is apparent that restricting the use of tracts in the Chisum Subdivision to "residential purposes" precludes using a tract for business or commercial purposes, such as a machine shop, commercial child care facility, florist shop, beauty shop, or an animal clinic;[2] it does not preclude renting one's home to third parties so long as the third parties use the tract for living purposes. To hold otherwise would violate not only the rule of strict construction but also the rule prohibiting this court from "enlarg[ing], extend[ing], stretch[ing] or chang[ing]" the words of the covenant through judicial construction.

### *Motels, Tourist Courts, Trailer Parks*

The majority holds, however, that the second sentence in the covenant precludes renting one's home to third parties, because the framers intended this sentence to preclude "transient-type housing." As even the majority recognizes, however, this label at most applies to motels and tourist courts, not trailer parks—which are generally used as permanent, rather than transient, multi-family housing. It is thus not only patently illogical, but contrary to the rule of strict construction, to construe the second sentence as precluding "transient-type housing."

What then is the reach of the second sentence? Plainly, the second sentence of the covenant does not preclude using a tract for financial gain; if that were the framers' intent, they surely would have said so or at least included apartment houses, duplexes, and the incidental renting of a room as prohibited uses. In my view, therefore, the second sentence appears to have been intended to reach the use that has historically been permitted by a "residential purposes" covenant—multi-family use, whether permanent or temporary. Construing the second sentence of the covenant in this fashion is both logical and consistent with the rule of strict construction. Under this construction, the covenant would not preclude renting a residence to a third party for living purposes. At the very least, however, the covenant is ambiguous, and we must construe it in favor of the freer and less restrictive use of the land and against the party seeking enforcement. In either event, renting one's home to a third party for living purposes, whether temporarily or permanently, would not be precluded by the covenant.

### CONCLUSION

The restrictive covenant at issue nowhere speaks to renting a residence to a third party. To the contrary, "residential purposes" is plainly defined by Texas case law to require that land be used for living purposes, whether single or multi-family, temporary or permanent, and to preclude business uses. And the tie binding "motel[s], tourist courts, and trailer parks" is not transient housing, but multi-family housing, both temporary and permanent. I would therefore hold that the restrictive covenant at issue does not preclude renting a single-family residence to a third party for living purposes, regardless of whether that use is temporary or permanent. Accordingly, I respectfully dissent.

---

**2.** *Hicks v. Loveless*, 714 S.W.2d 30 (Tex.App.—Dallas 1986, writ ref'd n.r.e.); *Mills v. Kubena*, 685 S.W.2d 395 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.); *Fowler v. Brown*, 535 S.W.2d 46 (Tex.Civ.App.—Waco 1976, no writ); *Vaccaro v. Rougeou*, 397 S.W.2d 501 (Tex.Civ. App.—Houston 1965, writ ref'd n.r.e.); *Brite v. Gray*, 377 S.W.2d 223 (Tex.Civ.App.—Beaumont 1964, no writ).