STARR COUNTY WATER CONTROL
AND IMPROVEMENT DISTRICT
NO. 2, Appellant,

v.

RIO GRANDE CITY, Appellee.

No. 04–97–00735–CV.

Court of Appeals of Texas,
San Antonio.

Dec. 31, 1997.

Douglas M. Becker, Monte L. Swearengen, Jack C. O'Donnell, Gray & Becker, P.C., Austin, Frank R. Nye, Jr., Law Offices of Frank R. Nye, Jr., Rio Grande City, for Appellant.

James E. Darling, Kevin D. Pagan, Law Offices of James E. Darling, McAllen, J.A. "Tony" Canales, Canales & Simonson, P.C., Corpus Christi, for Appellee.

Before HARDBERGER, C.J., and RICKHOFF and LÓPEZ, JJ.

## OPINION

LÓPEZ, Justice.

This is an accelerated appeal of an order denying a temporary injunction. Starr County Water Control and Improvement District No. 2 ("Water District") contends the order was erroneous because the Water District proved that it had no adequate remedy at law, that a probable right to recovery existed, and that the denial would result in imminent irreparable harm. Because we find that the Water District failed to prove a probable right to recovery, we affirm the judgment of the trial court.

### STANDARD OF REVIEW

■ At a temporary injunction hearing, the only issue before the trial court is whether the status quo should be preserved pending trial on the merits. *Munson v. Milton,* 948 S.W.2d 813, 815 (Tex.App.—San Antonio 1997, writ denied). The only issue on appeal is whether the trial court clearly abused its discretion in resolving that issue by granting or denying the temporary injunction. *Id.* The trial court abuses its discretion in denying injunctive relief if it misapplies the law to the established facts or when the evidence reasonably supports the conclusion that the applicant has a probable right to recovery. *See id.* All legitimate inferences from the evidence are drawn in favor of the trial court's judgment. *Id.*

### SECTION 43.075

Section 43.075 of the Local Government Code sets forth the procedure under which a water-related special district that becomes part of not more than one municipality can be abolished. TEX. LOCAL GOV'T CODE ANN. § 43.075 (Vernon 1988). On July 11, 1997, Rio Grande City ("City") adopted an ordinance making section 43.075 applicable to the City and designating September 10, 1997 as the date the Water District would be abolished.

■ The Water District contends that the City's action was improper because the City was required to adopt section 43.075 within ninety days of the date of its incorporation in order to take advantage of the procedure set forth therein. We disagree. When a water district is included in the boundaries of a municipality by incorporation, the municipality has the option of taking over the water district by adopting section 43.075. TEX. LOCAL GOV'T CODE ANN. § 43.075(a)(2)(B) (Vernon 1988); Op. Tex. Att'y Gen. No. JM–565 (1986). There is no time limit on when the municipality can make this election. Rather, the ninety days relates to the period within which the water district must be taken over once the election is made. *Compare* TEX. LOCAL GOV'T CODE ANN. § 43.075(a)(2)(B) (Vernon 1988) *with* TEX. LOCAL GOV'T CODE ANN. § 43.075(e) (Vernon 1988).

In this case, the City adopted the ordinance on July 11, 1997 and designated September 10, 1997 as the date it would take over the water district. The statute provides that on the designated date, the water district is abolished.[1] TEX. LOCAL GOV'T CODE ANN. § 43.075(e) (Vernon 1988). Therefore, the City acted in accordance with section 43.075 in abolishing the Water District.

### FEDERAL LAW

■ The Water District further contends that federal law precludes the City from

---

1. We note that the uncodified statute that section 43.075 replaced has been held constitutional. *Forbes v. City of Houston,* 304 S.W.2d 542, 548–49 (Tex.Civ.App.—Galveston 1957, writ ref'd n.r.e.), *cert. denied,* 357 U.S. 905, 78 S.Ct. 1151, 2 L.Ed.2d 1156 (1958).

abolishing the Water District without its consent because the Water District is indebted to the Secretary of Agriculture, United States Department of Agriculture ("USDA"). The Water District issued bonds that were purchased by the Farmers' Home Administration ("FmHA") on behalf of the USDA, and indebtedness for the bonds is still outstanding. At trial, a representative of the City testified that upon the assumption of the Water District, the debt to the USDA would be satisfied, and the representative provided proof of the funds available to the City to satisfy the debt.

The Water District relies on section 1926(b) of Title 7 of the United States Code as support for its position. Section 1926(b) prohibits the curtailment or limitation of service provided by certain associations "by inclusion of the area served by such association within the boundaries of any municipal corporation" during the term of any loan provided to that association by the USDA. 7 U.S.C.A. § 1926(b) (West 1997). The Water District is an association protected by section 1926(b) due to its outstanding debt to the USDA. 7 U.S.C.A. § 1926(a) (West 1997)(describing associations to which loans can be made).

The cases cited by the Water District in support of its position that section 1926(b) prohibits the City's action in this case are easily distinguishable. In *City of Madison v. Bear Creek Water Ass'n, Inc.,* 816 F.2d 1057, 1060 (5th Cir.1987), the municipality sought to condemn 60% of the water district's facilities and 40% of its customers, "including the most densely populated (and thus most profitable) territory served by the water district." The Fifth Circuit held such action was impermissible under section 1926(b), asserting that "[t]o allow expanding municipalities to 'skim the cream' by annexing and condemning those parts of a water association with the highest population density (and thus the lowest per-user cost) would undermine Congress's purpose of facilitating inexpensive water supplies for farmers and other rural residents and protecting those associations'

ability to repay their FmHA debts." *Id.* In *North Alamo Water Supply Corp. v. City of San Juan,* 90 F.3d 910, 913 (5th Cir.1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 586, 136 L.Ed.2d 515 (1996), the municipality was attempting to compete with the water association to provide water service to five residential subdivisions. The Fifth Circuit held that the municipality's encroachment by competition violated section 1926(b). *Id.* at 915–16.

 Neither of the foregoing cases presented a situation in which a municipality was completely assuming the water district in accordance with specific state statutory authority. Furthermore, the municipality in those cases never agreed to tender payment in full satisfaction of the debt to the USDA. If possible, we are required to construe statutes in harmony with other relevant laws. *La Sara Grain Co. v. First Nat'l Bank of Mercedes,* 673 S.W.2d 558, 565 (Tex.1984). We achieve this result by construing section 1926(b) of Title 7 to permit the City to exercise its statutory right to abolish the Water District under section 43.075 by satisfying the debt to the USDA.[2]

CONCLUSION

The City acted in accordance with section 43.075 of the Local Government Code in abolishing the Water District. Because the City presented evidence that it will satisfy the Water District's debt to the USDA, the abolition of the Water District does not violate federal law. Therefore, the Water District failed to prove a probable right to recovery in its suit against the City.

The trial court's order denying injunctive relief is affirmed.

---

2. We note that this is the same result that was reached by the Office of General Counsel, United States Department of Agriculture, in a letter to

the Office of U.S. Senator Phil Gramm in response to an inquiry regarding the applicability of section 1926(b) to this situation.