

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-16-00022-CV

Kenneth H. **TARR**,
Appellant

v.

**TIMBERWOOD PARK OWNERS ASSOCIATION INC.**,
Appellee

From the County Court at Law No. 3, Bexar County, Texas
Trial Court No. 2014CV02779
Honorable David J. Rodriguez, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:    Karen Angelini, Justice
            Marialyn Barnard, Justice
            Rebeca C. Martinez, Justice

Delivered and Filed:  November 16, 2016

AFFIRMED AS MODIFIED

At issue in this appeal is whether the deed restrictions for Timberwood Park Owners Association, Inc. ("the Association"), which provide that homes should be "used solely for residential purposes," prevent homeowner Kenneth H. Tarr from leasing his home for short periods of time to individuals who have no intent to remain in the home. We conclude that the deed restrictions do prevent such activity; therefore, the trial court did not err in granting summary judgment. However, because the trial court's judgment granted the Association injunctive relief in

the absence of pleading for such relief, we modify those parts of the judgment that grant the Association injunctive relief and affirm the judgment as modified.

## BACKGROUND

In 2012, Tarr bought a single-family home located in the Timberwood Park subdivision of San Antonio. In 2014, when his employer transferred him to Houston, he began advertising his San Antonio home online for the purpose of renting his home for short periods of time. To manage the home, Tarr formed a limited liability company called "Linda's Hill Country Home LLC." From June 2014 to October 2014, Tarr entered into thirty-one short-term rental agreements ranging from one to seven days, totaling about 102 days. As a practice, Tarr leased the entire home rather than individual rooms, and paid Texas Hotel Tax, which is applicable to all rentals of less than thirty days. Tarr also remitted the San Antonio/Bexar County Hotel/Motel Tax, which applies to rentals of less than 30 days. In July and September 2014, Tarr was notified by the Association that he was using the home as a commercial rental property rather than for residential purposes as required by the deed restrictions. On September 2, 2014, at a hearing before the Association's board, his appeal of fines was denied.

Tarr then filed a declaratory judgment action and a claim for breach of restrictive covenant against the Association, seeking a declaration that the deed restrictions do not impose duration limits on leasing. The Association filed a general denial and a request for attorney's fees pursuant to section 37.009 of the Texas Rules of Civil Practice and Remedies Code.

Tarr and the Association then filed cross traditional motions for summary judgment. The trial court granted the Association's motion for summary judgment and denied Tarr's motion. In a separate final order, the trial court granted the Association attorney's fees. Tarr appealed.

**RESTRICTIVE COVENANT**

We review a trial court's ruling on a motion for summary judgment de novo. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 156 (Tex. 2004). Summary judgment is proper only if the movant establishes that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. *Id.*; *see* TEX. R. CIV. P. 166a(c). When, as here, both parties seek summary judgment and the court grants one and denies the other, we render the judgment that the trial court should have rendered. *City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 356 (Tex. 2000).

Further, we review a trial court's interpretation of restrictive covenants de novo. *Buckner v. Lakes of Somerset Homeowners Ass'n, Inc.*, 133 S.W.3d 294, 297 (Tex. App.—Fort Worth 2004, pet. denied). When construing restrictive covenants, we apply general rules of contract construction. *Pilarcik v. Emmons*, 966 S.W.2d 474, 478 (Tex. 1998); *Buckner*, 133 S.W.3d at 297. As when interpreting any contract, our primary duty in construing a restrictive covenant is to ascertain the parties' intent from the instrument's language. *Bank United v. Greenway Improvement Ass'n*, 6 S.W.3d 705, 708 (Tex. App.—Houston [1st Dist.] 1999, pet. denied). In doing so, we construe the language of the restrictions to give effect to their purposes and intent and to harmonize all of the provisions so that none are rendered meaningless. *Rakowski v. Committee to Protect Clear Creek Village Homeowners' Rights*, 252 S.W.3d 673, 676 (Tex. App.—Houston [14th Dist.] 2008, pet. denied). We give a restrictive covenant's words and phrases their commonly accepted meaning. *Truong v. City of Houston*, 99 S.W.3d 204, 214 (Tex. App.—Houston [1st Dist.] 2002, no pet.).

Whether restrictive covenants are ambiguous is a question of law. *Pilarcik*, 966 S.W.2d at 478. We examine the covenants "as a whole in light of the circumstances present when the parties entered the agreement." *Id.* A covenant is unambiguous if, after appropriate rules of construction

have been applied, the covenant can be given a definite or certain legal meaning. *Id.* In contrast, if, after appropriate rules of construction have been applied, a covenant is susceptible of more than one reasonable interpretation, the covenant is ambiguous. *Id.*

Covenants restricting the free use of land are not favored by the courts, but will be enforced if they are clearly worded and confined to a lawful purpose. *Wilmoth v. Wilcox*, 734 S.W.2d 656, 657 (Tex. 1987); *Jennings v. Bindseil*, 258 S.W.3d 190, 194-95 (Tex. App.—Austin 2008, no pet.). When the language of a restrictive covenant is unambiguous, section 202.003(a) of the Property Code requires that the restrictive covenant be liberally construed to give effect to its purpose and intent. *Jennings*, 258 S.W.3d at 195; *see* TEX. PROP. CODE ANN. § 202.003(a) (West 2014). On the other hand, if a restrictive covenant is ambiguous, we resolve all doubts in favor of the free and unrestricted use of the property, strictly construing any ambiguity against the party seeking to enforce the restriction. *Wilmoth*, 734 S.W.2d at 657; *Jennings*, 258 S.W.3d at 195.

The restrictive covenant at issue in this appeal provides the following:

> All tracts shall be used *solely for residential purposes*, except tracts designated on the above mentioned plat for business purposes, provided, however, no business shall be conducted on any of these tracts which is noxious or harmful by reason of odor, dust, smoke, gas fumes, noise or vibration . . . ."

Tarr argues that nothing in the language of this restrictive covenant prevents a homeowner from leasing his home on a short-term basis. According to Tarr, the individuals to whom he leases are using the home for living purposes and thus are not violating the requirement that the home be used for residential purposes. Tarr points to the fact that the Association has admitted the restrictive covenant allows a homeowner to lease a home for residential purposes and that there is no requirement a homeowner personally occupy his home. According to Tarr, there is no difference between such a permitted renter and those individuals to whom he leases on a short-term basis.

The Association responds that Tarr's short-term renters are not residents and are thus not using the home solely for residential purposes; instead they are using the home for transient purposes. In support of its argument, the Association points to this Court's opinion in *Munson v. Milton*, 948 S.W.2d 813 (Tex. App.—San Antonio 1997, writ denied), where this Court held that similar language in a restrictive covenant prohibited short-term leases to vacationers.

In *Munson*, the homeowner rented his house, which was located in the Chisum's Subdivision, to third parties through "Rio Frio Bed n Breakfast and Lodging," a professional rental agent. *Id.* at 815. The third parties were generally vacationers who used the property for short periods of time, generally two to five days. *Id.* Other owners in the Chisum's Subdivision filed suit against the homeowner, seeking a temporary and permanent injunction to prohibit him from renting his house in violation of a restrictive covenant. *Id.* The restrictive covenant provided the following:

> All tracts within the Chisum's subdivision shall be used solely for residential, camping or picnicing purposes and shall never be used for business purposes. Motel, tourist courts, and trailer parks shall be deemed to be a business use.

*Id.* at 815. The trial court granted the other owners a temporary injunction enjoining the homeowner from "renting and/or leasing said property to the public for lodging, vacation and recreation purposes." *Id.* The homeowner filed an interlocutory appeal of the trial court's temporary injunction, contending the temporary injunction imposed an unlawful restraint on the alienation of his property. *Id.*

Noting that the language of the restrictive covenant was unambiguous, this Court applied section 202.003 of the Texas Property Code, explaining that in construing the intent of the framers of the restrictive covenant, it would "liberally construe the covenant's language and . . . ensure that every provision is given effect." *Id.* at 816. This Court explained that "[a]lthough the term 'residence' is given a variety of meanings, residence generally requires both physical presence and

an intention to remain." *Id.* "If a person comes to a place temporarily, without any intention of making that place his or her home, that place is not considered the person's residence." *Id.* Additionally, this Court emphasized that the "Texas Property Code draws a distinction between a permanent residence and transient housing, which includes rooms at hotels, motels, inns and the like." *Id.* at 817.

Further, this Court noted that "[a]lthough the venue statutes permit a defendant to have a residence in two or more counties, the residence must be occupied over a substantial period of time and must be permanent rather than temporary in order to qualify as a second residence." *Id.* According to this Court, "[j]ust as the foregoing cases and statutory provisions draw distinctions between temporary or transient housing and a residence," the framers of the restrictive covenant intended to draw a similar distinction between residential and transient uses. *Id.* It noted that "[a]t least two of the activities listed as business uses in this sentence are directed at transient-type housing." *Id.* Thus, this Court concluded that because the restrictive covenant prohibited the homeowner from leasing the home for such transient purposes, the other owners had "established a probable violation of the restrictive covenant." *Id.*

Tarr stresses that *Munson* is not mandatory authority as it dealt with the appeal of a temporary injunction; however, we find the reasoning in *Munson* persuasive. As in *Munson*, the term "used solely for residential purposes" has a definite legal meaning and is unambiguous. *See id.* at 815. Therefore, like *Munson*, we apply section 202.003 of the Texas Property Code and liberally construe the restrictive covenant to give effect to its purpose and intent. *See id.* at 816; *see also* TEX. PROP. CODE ANN. § 202.003 (West 2014).

We also agree with *Munson* that the term "residence" "generally requires both physical presence and an intention to remain." *Munson*, 948 S.W.2d at 816. Thus, "[i]f a person comes to a place temporarily, without any intention of making that place his or her home, that place is not

considered the person's residence." *Id.* at 817. Instead, those persons are using a home for transient purposes. *Id.* And, as in *Munson*, we draw a distinction between "residential" purposes and "transient" purposes. *See id.* at 816-17. One leasing his home to be used for transient purposes is not complying with the restrictive covenant that it be used *solely* for residential purposes. *See also Benard v. Humble*, 990 S.W.2d 929, 931-32 (Tex. App.—Beaumont 1999, pet. denied) (holding that homeowner's short term rental of home violated deed restriction that home could be used only for "single-family residence purposes").

Here, the record is clear that Tarr, through Linda's Hill Country Home LLC, leased his home to be used for transient purposes. The leasing agreement between Linda's Hill Country Home and its "guests" discusses a "check-in" time of 4:00 p.m. and a "check-out" time of 11:00 a.m. The agreement requires "a two-night minimum stay" and states that a "two-night rate" will be charged to guests who leave early. The agreement provides for a full refund if a cancellation is made more than thirty days prior to arrival, but does not provide for any refund if a cancellation is made less than thirty days. The leasing agreement is not consistent with a renter who has the intent to remain at the home; the agreement thus shows that the home is being used for transient purposes rather than residential purposes. Furthermore, the record shows that Tarr paid hotel state and municipal hotel taxes. We therefore find the trial court did not err in granting summary judgment in favor of the Association and ordering that Tarr take nothing on his claims.

We recognize that our sister court in Austin has found no violation of a restrictive covenant under similar circumstances. In *Zgabay v. NBRC Property Owners Association,* No. 03-14-00660-CV, 2015 WL 5097116, at *3 (Tex. App.—Austin Aug. 28, 2015, pet. denied) (mem. op.), the Austin Court of Appeals determined that the covenant restricting homes to be used "for single family residential purposes" was ambiguous. The court thus did not apply the requirement in section 202.003(a) of the Texas Property Code that a restrictive covenant be liberally construed to

give effect to its purpose and intent. Instead, by determining the language to be ambiguous, the Austin Court of Appeals "resolve[d] the ambiguity against the Association and in favor of the [homeowner's] free and unrestricted use of their property." *Id.* It therefore held that the trial court erred in granting summary judgment in favor of the homeowners' association. *Id.* We respectfully disagree with the Austin Court of Appeals and do not find its reasoning persuasive.

### INJUNCTIVE RELIEF

In its order granting the Association's motion for summary judgment and denying Tarr's partial motion for summary judgment, the trial court granted injunctive relief to the Association. Specifically, the trial court ordered the following relief:

> It is therefore ORDERED that Plaintiff immediately cease operating a business on his residential lot. This applies to Plaintiff, or his tenants, assigns, heirs or successors.

> It is further ORDERED that [neither] Plaintiff, nor his tenants, assigns, heirs or successors, shall allow or cause the Property to be rented, sub-rented, leased or subleased for short-term rentals to multi-family parties.

> It is further ORDERED that neither Plaintiff, nor his tenants, assigns, heirs or successors, shall allow or cause the Property to be rented, sub-rented, leased or subleased to any person or the public for temporary or transient purposes.

Tarr complains that the trial court erred in granting such injunctive relief because the Association never made an affirmative claim for injunctive relief. The Association merely filed a general denial and a claim for attorney's fees in defending the declaratory judgment action. We agree with Tarr.

"An applicant for injunctive relief must demonstrate (1) the existence of a wrongful act; (2) the existence of imminent harm; (3) the existence of irreparable injury; and (4) the absence of an adequate remedy at law." *Webb v. Glenbrook Owners Ass'n, Inc.*, 298 S.W.3d 374, 384 (Tex. App.—Dallas 2009, no pet.). "Persons seeking the extraordinary remedy of injunction must be

specific in pleading the relief sought, and courts are without authority to grant relief beyond that so specified." *Id.* Without a pleading to support injunctive relief, the trial court erred in granting such relief in its order.[1]

CONCLUSION

Because the record shows that Tarr was using his home for transient purposes and not solely residential purposes in violation of the restrictive covenant, the trial court correctly granted summary judgment in favor of the Association and rendered a take-nothing judgment against Tarr. However, because the Association never pled for injunctive relief, the trial court erred in granting such relief. Therefore, the trial court's judgment is modified to delete those parts of the judgment that grant injunctive relief, and the judgment is affirmed as modified.

Karen Angelini, Justice

---

[1]We note that Tarr also claims that the trial court "found violations of the deed restrictions even though the HOA never pled breach of restrictive covenant or pursued it at summary judgment." We disagree that the trial court in its summary judgment order and subsequent final order found a breach of restrictive covenant. Instead, the trial court in its summary judgment gave reasons for its decision to award summary judgment and render a take-nothing judgment against Tarr.