

CHIEF JUSTICE
JAMES T. WORTHEN

JUSTICES
SAM GRIFFITH
DIANE DEVASTO

CLERK
CATHY S. LUSK

CHIEF STAFF ATTORNEY
MARGARET HUSSEY

# TWELFTH COURT OF APPEALS

Wednesday, January 18, 2006

Mr. John F. Berry
John F. Berry, P.C.
100 Independence Place
Suite 400
Tyler, TX 75703

Mr. Randall J. Cook
Hardy & Atherton
One American Center, Suite 750
909 ESE Loop 323
Tyler, TX 75701

RE:  Case Number:           12-04-00020-CV
     Trial Court Case Number:  46,800

Style:  Alistair A. Tees and Nancy Tees
        v.
        East Lake Woods Homeowners Association

Enclosed is a copy of the Memorandum Opinion issued this date in the above styled and numbered cause. Also enclosed is a copy of the court's judgment.

Very truly yours,

CATHY S. LUSK, CLERK

By: *Katrina McClenny*
    Katrina McClenny, Chief Deputy Clerk

CC:    Hon. John Ovard
       Hon. Thomas A. Dunn
       Ms. Judy Carnes

# NO. 12-04-00020-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ALISTAIR A. TEES AND NANCY TEES,* *APPELLANTS* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW* |
| *EAST LAKE WOODS HOMEOWNERS ASSOCIATION,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Alistair and Nancy Tees appeal from an adverse judgment entered after a trial before the court in a suit filed by East Lake Woods Homeowners Association in which the court found the Tees in violation of a restrictive covenant. The Tees assert six issues concerning limitations, conditions precedent, the sufficiency of the evidence, attorney's fees, and the trial court's denial of their request for a declaratory judgment. We modify the trial court's judgment to delete the dates for performance recited therein and affirm the trial court's judgment as modified.

### BACKGROUND

Mark Mahaffey, a real estate developer, established a residential subdivision called East Lake Woods. All property in the subdivision is sold subject to deed restrictions that set the standards for the community as described in a lengthy document entitled "Declaration of Covenants, Conditions, Assessments, Charges, Servitudes, Liens, Reservations and Easements (Single Family) for East Lake Woods Unit II, a part of the Nancy L. Mulkey Survey, Abstract 695, Smith County, Texas." Article 3.09 of that document provides: "With reasonable diligence, and in all events within nine (9) months

from the commencement of construction, unless completion is prevented by war, labor strike or by an act of God, any dwelling unit or other structure commenced upon any lot shall be completed as to its exterior and all temporary structures shall be removed."

On February 21, 1997, the Tees purchased Lot 39 in that subdivision. The Tees and Mahaffey, in the capacity of the subdivision's Architectural Review Committee, signed a document entitled "Design Guideline" establishing the design requirements for Lot 39. Regarding prosecution of construction, the Design Guideline included the following provision: "The restrictions listed in Article III, Item 3.09 will be complied with. However, the Committee has agreed to allow Owner to build the structures in a phased manner. Each of the three permanent structures (the main dwelling, the detached garage and boathouse) will be built separately. Each phase of construction (each permanent structure) shall be completed in a 9 month period."

The Tees had the boathouse built in 1997 and the garage built on Lot 39 in 1998. However, on August 15, 2000, the Tees purchased the residence on Lot 38. They did not build a house on Lot 39. An attorney representing the Association sent the Tees a letter dated November 2, 2000, requesting them to commence construction of the residence or demolition of the garage due to a restriction violation. They were given thirty days from the date of the letter to comply. The letter included a warning that litigation would be used to enforce the restrictions if necessary. More than seven months later, the Association, through its attorneys, sent a second letter informing the Tees they had the option of immediately commencing construction of a residence or immediately demolishing the garage. The Association promised legal action within thirty days of the June 18, 2001 letter if they did not immediately pursue one of those options.

On May 29, 2002, the Association filed suit alleging the Tees were in violation of the restrictive covenants because they failed to complete the construction of all improvements on Lot 39. It requested a temporary injunction restraining the Tees from using the garage as a residence and a permanent injunction requiring them to either complete the residence or remove the garage. In response, the Tees asserted the affirmative defense of limitations and sought a declaratory judgment that there is no time limitation for completion of construction and that neither the presence of the garage nor their use of the property is in violation of the restrictive covenants. After a hearing, the trial court ordered the Tees to commence construction of a residence on Lot 39 by January 2, 2004 or remove the garage by February 27, 2004 and to pay the Association's attorney's fees.

In their first issue, the Tees assert that the Association failed to comply with statutory conditions precedent to filing suit. Specifically, they contend the Association did not provide them with written notice by certified mail informing them of their right to a reasonable time to cure the alleged violation or of their right to request a hearing.

Section 209.006 of the Texas Property Code provides that before a property owners' association may file a suit such as this one against an owner, it must give written notice to the owner by certified mail, return receipt requested. The notice must describe the violation and inform the owner that he is entitled to a reasonable period to cure the violation and may request a hearing. TEX. PROP. CODE ANN. § 209.006 (Vernon Supp. 2005). However, the notice requirements do not apply if the association files a suit seeking a temporary restraining order or temporary injunctive relief. *Id.* § 209.007(d).

Here, the Association's petition clearly stated that it sought a temporary injunction restraining the Tees from using the garage on Lot 39 as a residence without proper approval. However, the Tees further argue that the Association's failure to verify its pleading and obtain a hearing on the temporary injunction indicates that it did not really seek a temporary injunction. The Tees assert that the Association should not be allowed to avoid the notice requirements of the Property Code by merely including a request for a temporary injunction in the petition.

We do not agree that the Association did not seek a temporary injunction. The Association sent two letters to the Tees expressing its discontent, requesting compliance, and warning that noncompliance would result in litigation. The Tees received notice of the suit and answered, pleading an affirmative defense and a counterclaim. The parties attempted to resolve their differences through mediation almost three years after the Association sent the first letter. Thereafter, the parties participated in the discovery process. In a joint motion for continuance, the Tees assured the court they could be ready for trial on the merits by October 6, 2003. Later, the Tees attended the hearing at which the court heard testimony on the merits.

A verified petition for injunctive relief is not required to obtain an injunction when a full evidentiary hearing on evidence has been held. *Nguyen v. Intertex, Inc.*, 93 S.W.3d 288, 298 (Tex. App.–Houston [14th Dist.] 2002, no pet.). Further, the parties can agree to forego the separate hearing on a temporary injunction or the trial court can choose to advance to the trial on the merits without a

hearing on a temporary injunction to eliminate time-consuming duplicate hearings and appeals. *Iranian Muslim Org. v. City of San Antonio*, 615 S.W.2d 202, 208-09 (Tex. 1981). Based on the circumstances as revealed by the record, we conclude that the Tees waived their right to a hearing on temporary relief and agreed to proceed to a hearing on the merits. They cannot now use the lack of such a hearing to argue that the Association was not truly seeking an injunction. Because the Association sought a temporary injunction, the notice provision of Section 209.006 is not applicable. We overrule the Tees' first issue.

## SUFFICIENCY OF THE EVIDENCE

In their second issue, the Tees contend the evidence is legally and factually insufficient to support the judgment. They argue that the written agreement they are bound by does not require the dwelling to be built within nine months of commencement of the garage and, in fact, dictated no deadline for commencement of construction of the residence. The Tees contend that Mahaffey authorized construction of improvements on Lot 39 in a phased manner and there was no deadline for commencing construction of the residence stated in the approved Design Guideline. They argue that the language in the Design Guideline provided a "variance" to the restrictive covenants and assert that they and Mahaffey agreed they would be bound by the language in the Design Guideline "instead of the restrictive covenant 3.09." Further, they assert that their use and construction of improvements on Lot 39 was within the provisions of their written agreement and the restrictive covenants.

### Applicable Law

We review a trial court's interpretation of a restrictive covenant de novo. *Buckner v. Lakes of Somerset Homeowners Assoc., Inc.*, 133 S.W.3d 294, 297 (Tex. App.–Fort Worth 2004, pet. denied). In construing a restrictive covenant, a court's primary task is to determine the intent of the framers of the restrictive covenant. *Wilmoth v. Wilcox*, 734 S.W.2d 656, 658 (Tex. 1987). In determining this intent, the court must liberally construe the covenant's language and must ensure that every provision is given effect. TEX. PROP. CODE ANN. § 202.003(a) (Vernon 1995); *Munson v. Milton*, 948 S.W.2d 813, 816 (Tex. App.–San Antonio 1997, pet. denied). Words used in a restrictive covenant may not be enlarged, extended, stretched, or changed by construction, but will be given their commonly accepted meanings. *Buckner*, 133 S.W.3d at 297.

4

In addition, the trial court's findings of fact are reviewed under the same legal and factual sufficiency standards as jury findings. *Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991). When no findings of fact are filed, the reviewing court implies all necessary findings to support the judgment. *Pharo v. Chambers County, Texas*, 922 S.W.2d 945, 948 (Tex. 1996). Where a complete reporter's record is filed in the record, however, these implied findings are not conclusive, and an appellant may challenge them by raising both legal and factual sufficiency of the evidence complaints. *Roberson v. Robinson*, 768 S.W.2d 280, 281 (Tex. 1989).

When attacking the legal sufficiency of an adverse finding on an issue on which a party did not have the burden of proof, that party must demonstrate there is no evidence to support the adverse finding. *Croucher v. Croucher*, 660 S.W.2d 55, 58 (Tex. 1983). To evaluate the legal sufficiency of the evidence to support a finding, we must determine whether the proffered evidence as a whole rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. *St. Joseph Hosp. v. Wolff*, 94 S.W.3d 513, 519 (Tex. 2002). We sustain a no evidence point only if there is no more than a scintilla of evidence proving the elements of the claim. *Id.* at 520. In making this determination, we must view the evidence in the light favorable to the verdict, crediting favorable evidence if reasonable jurors could and disregarding contrary evidence unless reasonable jurors could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 807 (Tex. 2005).

If a party is attacking the factual sufficiency of an adverse finding on an issue to which the other party had the burden of proof, the attacking party must demonstrate that there is insufficient evidence to support the adverse finding. *See Croucher*, 660 S.W.2d at 58. In addressing a factual sufficiency of the evidence challenge, this Court must consider and weigh all of the evidence and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986). This Court is not a fact finder and may not pass on the credibility of the witnesses or substitute our judgment for that of the trier of fact. *Clancy v. Zale Corp.*, 705 S.W.2d 820, 826 (Tex. App.–Dallas 1986, writ ref'd n.r.e.).

**Discussion**

Article 3.09 provides that, with certain exceptions not applicable here, the exterior of each structure shall be completed within nine months from the commencement of construction of "any dwelling unit or other structure commenced upon any lot." By the terms of the Design Guideline, the Tees agreed to comply with Article 3.09 of the East Lake Woods deed restrictions. However, the

5

Design Guideline also allowed the Tees "to build the structures in a phased manner" and to build each structure separately. Finally, paragraph 9 of the Design Guideline provides: "Each phase of construction (each permanent structure) shall be completed in a 9 month period." As the Tees point out, the Design Guideline does not set a time limit for building the dwelling on Lot 39. They argue that a court imposed deadline for commencing construction on a residence imposes a significant duty on them contrary to their free use of their property. We disagree.

Where a contract does not provide a time for performance, the law will imply that performance must occur within a reasonable time. *Pearcy v. Environmental Conservancy of Austin and Central Texas, Inc.*, 814 S.W.2d 243, 246 (Tex. App.–Austin 1991, writ denied). What is a reasonable time depends on the facts and circumstances as they existed when the contract was formed. *Id*. Factors include the nature and character of the action and the difficulty of accomplishing it, as well as the purpose of the agreement. *Id*. Where the material facts are undisputed, the question of what is a reasonable time is a matter of law. *Id*.

The Tees wanted the "variance" because at the time, early 1997, they believed Mr. Tees was about to go overseas for a work assignment that would last from three to five years. They bought Lot 39 in February 1997 apparently anticipating they would build a residence on the lot three to five years later when Mr. Tees returned. The boathouse was completed in 1997, and the garage was completed in June 1998. The overseas work assignment never materialized. The Tees purchased the house next door in August 2000 after learning that Mr. Tees would not be working overseas. Apparently, by August 2000, the reason for the "variance" no longer existed. Moreover, more than five years passed between the time the Tees purchased the lot and the date the Association filed its suit. The Tees actually had the extra time to build that they originally anticipated needing.

By the plain terms of the original deed restrictions, the residence was to be completed within nine months of the date construction began on the garage. Because it was not, the Tees were not in compliance with the original deed restrictions. Assuming that the Design Guideline created a "variance" so the Tees did not have to complete construction of the residence within nine months of beginning construction of the garage, the Design Guideline inappropriately lacked a deadline for commencing construction on the residence. Even though, in 1997, the Tees had anticipated a three to five year delay before needing a residence, the Tees' argument is necessarily interpreted to mean they believe the Design Guideline allows them to build a residence on Lot 39 at any time in the future.

6

Under the circumstances, such an open ended time for performance is not reasonable as a matter of law. *See Pearcy*, 814 S.W.2d at 246. Thus, there is legally and factually sufficient evidence to support the trial court's judgment. *See Croucher*, 660 S.W.2d at 58. We overrule the Tees' second issue.

## ATTORNEY'S FEES

In their third issue, the Tees assert the trial court erred in awarding the Association its attorney's fees. They argue that the Property Code requires notice under Section 209.006 as a condition precedent to the award of attorney's fees. Further, they argue the Association provided no evidence of how its fees were calculated or whether the fees were incurred before or after the date of the hearing, or the date it could have been held, as required by Section 209.008(b) of the Property Code.

As a general rule, attorney's fees are not recoverable in Texas unless allowed by contract or by statute. *Dallas Cent. Appraisal Dist. v. Seven Inv. Co.*, 835 S.W.2d 75, 77 (Tex. 1992). Whether attorney's fees are available under a particular statute is a question of law, which we review de novo. *See Holland v. Wal-Mart Stores, Inc.*, 1 S.W.3d 91, 94 (Tex. 1999).

Section 209.008 of the Property Code provides as follows:

(a) A property owners' association may collect reimbursement of reasonable attorney's fees and other reasonable costs incurred by the association relating to collecting amounts, including damages, due the association for enforcing restrictions or the bylaws or rules of the association only if the owner is provided a written notice that attorney's fees and costs will be charged to the owner if the delinquency or violation continues after a date certain.

(b) An owner is not liable for attorney's fees incurred by the association relating to a matter described by the notice under Section 209.006 if the attorney's fees are incurred before the conclusion of the hearing under 209.007 or, if the owner does not request a hearing under that section, before the date by which the owner must request a hearing. The owner's presence is not required to hold a hearing under Section 209.007.

TEX. PROP. CODE ANN. § 209.008 (Vernon Supp. 2005).

A plain reading of Section 209.008 reveals that it applies to collection matters. The case before us is not a collection suit. Therefore, Section 209.008 is inapplicable. However, the Association did provide notice in a letter dated November 2, 2000. The letter was sent to the Tees by the Association's

7

legal counsel. It informed the Tees that if they did not commence construction on a residence or commence demolition of the existing structure within thirty days of the date of the letter, the Association would commence litigation. It also stated that, if successful, the Association would be entitled to recover its attorney's fees and court costs. In a breach of restrictive covenant action, "the court shall allow to a prevailing party who asserted the action reasonable attorney's fees." TEX. PROP. CODE ANN. § 5.006 (Vernon 2004). Therefore, the trial court did not err in awarding attorney's fees to the Association. We overrule the Tees' third issue.

## DECLARATORY JUDGMENT CLAIM

In issues four and five, the Tees assert that the trial court erroneously denied their request for declaratory judgment that they were in compliance with the restrictions and erroneously denied their request for attorney's fees in the declaratory judgment action.

The Declaratory Judgments Act provides that a person interested under a deed or other writing constituting a contract may have the court determine any question of construction or validity arising under the instrument and obtain a declaration of rights, status, or other legal relations under it. TEX. CIV. PRAC. & REM. CODE ANN. § 37.004(a) (Vernon 1997). It also provides that the court may award costs and attorney's fees. *Id.* § 37.009. If a party's defensive declaratory action asserts relief having greater ramifications than the original suit, it can be an appropriate mechanism under which to award attorney's fees. *Anderson v. New Property Owners' Ass'n of Newport, Inc.*, 122 S.W.3d 378, 391 (Tex. App.–Texarkana 2003, pet. denied). However, declaratory relief is not available to settle disputes already pending before the court. *BHP Petroleum Co. v. Millard*, 800 S.W.2d 838, 841 (Tex. 1990) (orig. proceeding). A declaratory judgment may not be used solely as a vehicle to obtain attorney's fees and is inappropriate if it will serve no useful purpose. *Boatman v. Lites*, 970 S.W.2d 41, 43 (Tex. App.–Tyler 1998, no pet.).

In their counterclaim, the Tees sought a declaratory judgment that there is no time limitation for completion of improvements to Lot 39, their construction of the garage is not in violation of restrictive covenants, and, alternatively, that their use of the property is not violative of restrictive covenants. Their request presented no issues beyond those already raised by the Association, and their counterclaim would have no greater ramifications than the original suit. *See Anderson*, 122 S.W.3d at 391. Therefore, the trial court did not err in denying the Tees' request for declaratory relief or for

8

attorney's fees based on that action. We overrule the Tees' fourth and fifth issues.

## LIMITATIONS

In their sixth issue, the Tees assert that the trial court erred in not finding that the Association's suit was barred by limitations. They argue that, if they were required to complete all construction within nine months of the start of construction, the date for completion of construction was nine months after commencement of the boathouse. They estimate that nine month completion date to have been sometime between the fall of 1997 and February 1998. This would make the deadline for filing suit February 2002. Because the Association filed suit on May 29, 2002, the Tees argue, the suit was barred by the four year statute of limitations.

Actions to enforce restrictive covenants are controlled by a four year statute of limitations. *Air Park-Dallas Zoning Comm. v. Crow-Billingsley Airpark, Ltd.*, 109 S.W.3d 900, 911 (Tex. App.–Dallas 2003, no pet.). A defendant urging the affirmative defense of the statute of limitations must prove when the cause of action accrued. *American Med. Elecs., Inc. v. Korn*, 819 S.W.2d 573, 576 (Tex. App.–Dallas 1991, writ denied). An action for damages for breach of a written contract accrues when the breach occurs or when the claimant has knowledge of facts sufficient to place him on notice of the breach. *Rose v. Baker & Botts*, 816 S.W.2d 805, 810 (Tex. App.–Houston [1st Dist.] 1991, writ denied). A breach occurs when a party to a contract fails to perform a duty required by the contract. *Hoover v. Gregory*, 835 S.W.2d 668, 677 (Tex. App.–Dallas 1992, writ denied).

In their argument under this issue, the Tees have omitted any mention of the effect of the language in the Design Guideline addressing prosecution of construction. Therefore, we will restrict our discussion to the deed restrictions. Article 3.09 of the deed restrictions requires construction to be completed within nine months from its commencement. The first structure the Tees built was their boathouse. The Tees argue that the deed restriction's time frame for completion therefore refers to construction of their boathouse. However, as the Association points out, Article 3.09 requires us to reject this argument.

Article 3.09 states that, within nine months from the commencement of construction, "any dwelling unit or other structure commenced upon any lot shall be completed." The record shows that the City of Tyler owns the lake and that the Tees' boathouse is constructed over the water and not on Lot 39. Therefore, the deed's timing requirement must be applied to commencement of construction

9

of the garage, the only structure on the lot. Mr. Tees testified that the garage was completed in June 1998. The record does not indicate when construction on the garage began. It is impossible to determine when the nine month period ended in the absence of a start date. Therefore, the Tees did not prove when the cause of action accrued or that the Association's suit is barred by limitations. *See Korn*, 819 S.W.2d at 576. We overrule the Tees' sixth issue.

## CONCLUSION

The Association's suit is not barred by limitations and it did not fail to comply with conditions precedent to filing. The evidence is legally and factually sufficient to support the judgment. The trial court properly denied the Tees' request for a declaratory judgment and properly determined the award of attorney's fees.

However, to affirm the judgment in its entirety would require of the Tees an impossibility. Due to the passage of time, the Tees cannot comply with the trial court's judgment by the dates specified in that judgment. This court may make any appropriate order that the law and the nature of the case require. TEX. R. APP. P. 43.6. We therefore modify the judgment to delete the dates specified in the judgment by which the Tees were to commence and complete construction of a residence or commence and complete removal of the garage on Lot 39. We *remand* the cause to the trial court for determination of a revised timetable for compliance and entry of an appropriate order. As *modified*, we *affirm* the trial court's judgment.

SAM GRIFFITH
Justice

Opinion delivered January18, 2006.
*Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.*

(PUBLISH)

10



# COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### JANUARY 18, 2006

## NO. 12-04-00020-CV

**ALISTAIR A. TEES AND NANCY TEES,**
Appellants
V.
**EAST LAKE WOODS HOMEOWNERS ASSOCIATION,**
Appellee

---

Appeal from the County Court at Law
of Smith County, Texas. (Tr.Ct.No. 46,800)

---

THIS CAUSE came on to be heard on the oral arguments, appellate record and the briefs filed herein; and the same being inspected, it is the opinion of this court that the judgment of the trial court below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be **modified** to **delete** the dates by which the Tees must either commence and complete construction of a residence on Lot 39, or commence and complete removal of the garage on Lot 39;

It is further ORDERED, ADJUDGED and DECREED that the cause is **remanded** to the trial court for determination of a revised timetable for compliance and entry of an appropriate order; **and as modified**, the judgment of the trial court is **affirmed**.

It is further ORDERED that Appellants, **ALISTAIR A. TEES AND NANCY TEES**, pay all costs in this cause expended, both in this court and the court below for which let execution issue; and that this decision be certified to the trial court below for observance.

Sam Griffith, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.*